KENNETH DOLBOW, EMPLOYEE v. HOLLAND INDUSTRIAL, INC., EMPLOYER, AND COMMERCIAL UNION INSURANCE COMPANY, CARRIER

No. 8210IC1149

(Filed 1 November 1983)

1. **Master and Servant § 69.1— workers' compensation—temporary total disability—sufficiency of evidence**

    The evidence supported a determination by the Industrial Commission that plaintiff mechanic was unable to work as a result of his injury from 21 August 1980 until 11 December 1980 and was entitled to temporary total disability for such period of time where it tended to show that plaintiff was injured on 9 July 1980; he was diagnosed on 21 August 1980 as having torn cartilage in the knee and underwent surgery on 3 September 1980; plaintiff's surgeon certified plaintiff as able to return to a light job on 9 October 1980; and plaintiff's surgeon was of the opinion that plaintiff reached maximum medical improvement on 11 December 1980.

2. **Master and Servant § 47— workers' compensation—temporary total disability—effect of receipt of unemployment compensation**

    Plaintiff was not estopped from receiving workers' compensation benefits for temporary total disability because he received unemployment compensation benefits for the same period upon a certification that he was available for work.

APPEAL by defendants from the opinion and award of the North Carolina Industrial Commission filed 4 August 1982. Heard in the Court of Appeals 23 September 1983.

*Smith, Moore, Smith, Schell & Hunter, by Robert A. Wicker and Maureen J. Demarest, for defendant appellants.*

*No brief filed for plaintiff appellee.*

BECTON, Judge.

I

Plaintiff injured his knee in a work-related accident on 9 July 1980. He was awarded compensation (a) for temporary total dis-

ability from 21 August 1980 until 11 December 1980; and (b) for a ten percent permanent partial disability of his left leg for twenty weeks.

The employer and the insurance carrier (defendants) assign error to the deputy commissioner's finding of fact that plaintiff was unable to work as a result of his injury from 21 August 1980 until 11 December 1980, contending that the finding is unsupported by the evidence.

"In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Byers v. N. C. State Highway Comm.*, 275 N.C. 229, 233, 166 S.E. 2d 649, 651-52 (1969). We are hampered in our review of defendants' first contention, however, because defendants have included no transcript or narration of the evidence upon which this Court can fully review this assignment of error. The burden is on an appealing party to show, by presenting a full and complete record, that the record is lacking in evidence to support the Commission's findings of fact. Rule 9(b)(1) of the North Carolina Rules of Appellate Procedure requires the inclusion in the record of all of the evidence necessary for an understanding of all errors assigned. For failure to comply with the rules, an appeal is subject to dismissal. *See Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977).

[1]   We have, nevertheless, chosen to exercise our discretion and review the merits of this appeal since defendants have attempted to show, by the following three stipulations, that the Commission's findings and conclusions were not supported by the evidence: (1) plaintiff received unemployment compensation benefits from the North Carolina Employment Security Commission from 13 October 1980 until 14 February 1981; (2) plaintiff's surgeon certified plaintiff as able to return to work at a light job on 9 October 1980; and (3) it was plaintiff's surgeon's medical opinion that plaintiff reached maximum medical improvement on 11 December 1980.

These stipulations are not persuasive. As stated by the Commission in its Opinion and Award:

Evidence concerning the plaintiff's receipt of unemployment compensation was before former Deputy Commissioner Delbridge at the initial hearing in Wilkesboro on July 13, 1981. He found as a fact that the plaintiff was certified by his physician as able to return to light work on October 9, 1980. However, the former Deputy Commissioner also found as a fact that the plaintiff, based upon medical evidence, did not reach maximum medical improvement until December 11, 1980 and that the plaintiff was unable to work as a result of his injury from August 21, 1980 until December 11, 1980.

"The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Construction Co.*, 265 N.C. 431, 434, 144 S.E. 2d 272, 274 (1965). Thus, the Commission may assign more weight and credibility to certain testimony than other. Moreover, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commission is conclusive on appeal. *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963).

The deputy commissioner made the following unexcepted findings of fact, which the Commission adopted and made its own. On 9 July 1980, plaintiff, a mechanic, was unloading rods from a truck at the job site when he stepped into a depression, injuring his knee. The next day, plaintiff went to a physician about the pain in his knee. An x-ray of the swollen knee revealed no fracture. Plaintiff was examined again by the same physician on 21 August 1980. Plaintiff still had marked swelling and tenderness of his knee and he lacked 10 percent extension of the knee. This physician felt that plaintiff had torn cartilage in the knee, and referred plaintiff to an orthopedic surgeon for an arthrotomy. Plaintiff was examined by the surgeon on 21 August 1980 and was diagnosed as having a tear in the medial meniscus of the left knee. On 3 September 1980, the surgeon performed an arthroscopy on plaintiff's knee, followed by an arthrotomy and excision of the torn medial meniscus. Plaintiff was discharged from the hospital on 6 September 1980 and was fully ambulatory on crutches. Plaintiff was seen as an outpatient by the surgeon periodically until 11 December 1980. On 9 October 1980, the surgeon certified plaintiff as able to return to work at a light job. It was the surgeon's medical opinion that plaintiff had reached

maximum medical improvement on 11 December 1980 and that plaintiff has a ten percent permanent partial disability of the left lower extremity.

Based upon these findings, and the sole finding to which defendant excepted — that plaintiff was unable to work as a result of his injury on 9 July 1980 from 21 August 1980 until 11 December 1980 — the deputy commissioner made the following conclusions of law, which the Commission adopted: that plaintiff sustained an injury arising out of and in the course of his employment; that he was entitled to compensation for temporary total disability at the rate of $160.00 per week from 21 August 1980 to 11 December 1980; and that he was entitled to compensation for 10 percent permanent partial disability of the left lower extremity at the rate of $160.00 per week for twenty weeks. We conclude that the Commission's findings of fact support its conclusions of law and award.

II

[2] Defendants' brief also presents the question whether a workers' compensation claimant is barred from recovering compensation for total disability during the same period he received unemployment benefits upon a certification that he is able to, and available for, work. Defendants argue that a claimant cannot recover both, and that plaintiff's receipt of unemployment bars his claim for workers' compensation.

Several states allow the recovery of both workers' compensation and unemployment benefits for the same time period, in the absence of an express statutory prohibition. 4 Larson, *The Law of Workmen's Compensation* § 97.20 (1983). In North Carolina, there is no express prohibition of duplicate benefits, although a persuasive argument can be made that the General Assembly intended that there be no recovery of both workers' compensation and unemployment. *See,* N.C. Gen. Stat. §§ 97-10.1; 97-29 through 97-31; 97-33 through 97-35; 97-42; 96-13(a)(3); 96-14; 96-8(10); 96-14(7)-(9); and 96-12(b). Indeed, Professor Larson suggests that the better rule is to disallow duplicate benefits, because the claimant is receiving more than his wage-loss. 4 Larson §§ 97.00-97.20. Professor Larson's suggestion points out not only the hiatus in the law but also the insufficiency of the record before us. We do not know the amount of unemployment benefits

plaintiff received. We do not know if plaintiff's combined unemployment and workers' compensation benefits would exceed his lost wages. The problems of prorating benefits or of determining which benefit controls to the exclusion of the other, are questions best left to the General Assembly. *Id.* at § 97.20.

In this case, plaintiff certified himself as able to work to the Employment Security Commission. This does not mean, however, that he is estopped from recovering workers' compensation benefits. His statement to the Employment Security Commission was not conclusive evidence on the question of disability, and therefore, not binding upon the Industrial Commission. The Industrial Commission had before it the evidence of plaintiff's receipt of unemployment benefits, but gave it little weight, as it found and concluded, based upon medical evidence, that plaintiff was unable to work during part of the period in which plaintiff was receiving unemployment benefits. Based upon the record before us, we cannot say that plaintiff's receipt of unemployment benefits, standing alone, barred him from receiving workers' compensation benefits. Plaintiff's entitlement to any of the unemployment benefits paid is a question for the Employment Security Commission.

The opinion and award of the Industrial Commission is

Affirmed.

Judges JOHNSON and BRASWELL concur.