GEORGE E. WATKINS, EMPLOYEE, PLAINTIFF v. CITY OF ASHEVILLE, EMPLOYER, SELF-INSURED, DEFENDANT

No. 8910IC1186

(Filed 3 July 1990)

**Master and Servant § 69 (NCI3d)— workers' compensation— surgery's effect on disability—reasonableness of employee's refusal to have surgery—finding supported by evidence**

Evidence was sufficient to support the finding by the Industrial Commission that a lumbar laminectomy recommended by plaintiff's orthopaedic physician had a high probability of significantly reducing the period of plaintiff's disability and would be sought by a similarly situated reasonable man. Therefore, the Commission properly ordered that plaintiff undergo such surgery or lose his right to compensation. N.C.G.S. § 97-25.

**Am Jur 2d, Workmen's Compensation § 386.**

APPEAL by plaintiff from Opinion and Award entered 8 May 1989 for the Full Industrial Commission by J. Randolph Ward, Commissioner. Heard in the Court of Appeals 4 May 1990.

On 14 April 1986, plaintiff sustained a back injury arising out of and in the course of his employment with defendant. Plaintiff incurred temporary total disability on 14 May 1986 and returned to work on 7 July 1986. Plaintiff became disabled again on 17 February 1987, and was entitled to workers' compensation of $179.20 per week from 17 February 1987 until the end of the temporary total disability period.

This matter was heard initially before Deputy Commissioner Morgan S. Chapman on 15 April 1988. By Opinion and Award filed 3 August 1988, Deputy Commissioner Chapman found that plaintiff had not reached maximum medical improvement and awarded plaintiff temporary total disability compensation "for so long

as [such] disability continues." The Hearing Commissioner also found that back surgery recommended by plaintiff's orthopaedic surgeon involved substantial risks and concluded that plaintiff's decision to avoid such surgery was reasonable.

Defendant appealed to the Full Commission. The Full Commission entered an Opinion and Award on 8 May 1989, which struck the finding of fact that plaintiff's refusal to have surgery was reasonable and concluded as a matter of law that plaintiff undergo surgery or forego compensation.

From the Opinion and Award of 8 May 1989, plaintiff appeals.

*DeVere C. Lentz, Jr., P.A., by Shirley H. Brown, for plaintiff-appellant.*

*Nesbitt & Slawter, by William F. Slawter; and Russell & King, P.A., by J. William Russell and Kathy A. Gleason, for defendant-appellee.*

ORR, Judge.

Plaintiff first argues that the Full Commission erred in finding as fact "[t]hat the surgery recommended by plaintiff's physician has a high probability of significantly reducing the period of plaintiff's disability and would be sought by a similarly situated reasonable man." For the reasons set forth below, we find no error.

In reviewing an opinion and award of the Industrial Commission, this Court is limited in its inquiry to two questions of law: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984) (citation omitted). Because the Commission is the sole judge of the credibility of the witnesses and the weight given to their testimony, the Commission may assign more credibility and weight to certain testimony than other testimony. Furthermore, the determination of the Commission is conclusive upon appeal even though the evidence is capable of supporting two contrary findings. *Id.* at 697, 308 S.E.2d at 336 (citations omitted).

The Commission's "findings of fact may be set aside on appeal only when there is a complete lack of competent evidence to support

them." *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981), *citing, Click v. Freight Carriers*, 300 N.C. 164, 166, 265 S.E.2d 389, 390-91 (1980). "[I]f the totality of the evidence, viewed in the light most favorable to the complainant, tends directly or by reasonable inference to support the Commission's findings, these findings are conclusive on appeal even though there may be plenary evidence to support findings to the contrary." *Id.* at 406-07, 276 S.E.2d at 750 (citations omitted).

With these basic principles in mind, we now turn to whether there is competent evidence in the case before us to support the Commission's finding "[t]hat the surgery recommended by plaintiff's physician has a high probability of significantly reducing the period of plaintiff's disability and would be sought by a similarly situated reasonable man."

The controversy over this finding of fact arises under N.C. Gen. Stat. § 97-25 (1985), which states in part,

> The refusal of the employee to accept any medical, hospital, surgical or other treatment or rehabilitative procedure when ordered by the Industrial Commission shall bar said employee from further compensation until such refusal ceases and no compensation shall at any time be paid for the period of suspension unless in the opinion of the Industrial Commission the circumstances justified the refusal, in which case, the Industrial Commission may order a change in the medical or hospital service.

This portion of § 97-25 was construed in *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 229 S.E.2d 325 (1976), *disc. review denied*, 292 N.C. 467, 234 S.E.2d 2 (1977). The *Crawley* Court stated that:

> The general rule is that where the surgery is of serious magnitude and risk, involves much pain and suffering and is of uncertain benefit, the refusal of the claimant to undergo surgery is reasonable and will not prejudice his claim.

*Id.* at 290, 229 S.E.2d at 329 (citations omitted).

David O. Jarrett, M.D., orthopaedic surgeon, qualified as an expert witness, and testified before the Commission that he provided a course of treatment for plaintiff as a result of plaintiff's back injury. This course of treatment began on 16 May 1986 and included

hospital treatment in May 1986 and eight days of hospital treatment and diagnosis in February 1987. Dr. Jarrett's testimony addressed both the probability that surgery would significantly reduce plaintiff's disability and plaintiff's refusal of such surgery.

Dr. Jarrett testified that he recommended that plaintiff undergo back surgery (lumbar laminectomy with removal of the disc) in order to alleviate plaintiff's condition and possibly return to work. Dr. Jarrett further testified that it was his opinion in July 1987 that plaintiff's condition would be improved with surgery and that his disability would be reduced from a 100% disability without surgery to a 10% to 15% disability with the surgery.

According to Dr. Jarrett, the longer plaintiff waited to have surgery, the "poorer the results." Dr. Jarrett explained this statement, "[i]n my own experience, the patients that have surgery that actually had a disc fragment out as this man has had, do well and are able to continue on life in a normal manner." Dr. Jarrett also testified that "[b]etter than 90% of the patients that have a laminectomy within a year are almost back to normal." While Dr. Jarrett could not testify that plaintiff would *definitely* improve with surgery, his testimony supported the Commission's finding that the recommended surgery "had a high probability of significantly reducing the period of plaintiff's disability . . . ."

We will now address that portion of the Commission's finding that the recommended surgery "would be sought by a similarly situated reasonable man." Under § 97-25, reasonableness is determined by whether the surgery is of serious magnitude and risk, involves much pain and suffering and is of uncertain benefit. 31 N.C. App. at 290, 229 S.E.2d at 329-30.

Regarding whether the surgery is of serious magnitude and risk, Dr. Jarrett explained that although he considered this surgery "of serious magnitude and risk," lumbar laminectomies are "fairly common," that the risks "are unusual but they can occur" and that there are "similar risks associated with most any surgical procedure that a person would undergo." He further testified that he has performed hundreds of laminectomies and that plaintiff is not "at a higher risk as a surgical candidate than [any other] patient."

Dr. Jarrett further testified concerning the pain and suffering associated with the surgery. He stated that the "surgery involves considerable pain but the pain is short-lived [a week or so]."

Dr. Jarrett did not testify to the "certain benefit" of the surgery to plaintiff. He testified, however, to the probabilities of plaintiff's condition improving after surgery as discussed above. He also stated that for "some patients" this surgery has an "uncertain outcome." Dr. Jarrett testified that he last examined plaintiff in February 1989 and recommended surgery at that time to improve plaintiff's condition.

Richard Weiss, M.D., neurosurgeon, examined plaintiff on referral by defendant, and was deposed concerning his medical findings and conclusion on 25 May 1988. Dr. Weiss generally concurred with Dr. Jarrett's findings and recommendations, except that he believed the risk of the surgery is "minimal."

There is ample evidence to support plaintiff's arguments and his valid concerns about this surgical procedure. However, there is sufficient evidence under the previously stated principles of law to support the Commission's determination that the surgery is not of serious magnitude and risk, does not involve much pain and suffering and is not of uncertain benefit to plaintiff.

Therefore, we are compelled to affirm the Commission's decision "[t]hat the surgery recommended by plaintiff's physician has a high probability of significantly reducing the period of plaintiff's disability and would be sought by a similarly situated reasonable man." Based upon the Legislature's intent to authorize the Commission upon proper findings to require plaintiff to undergo that surgery or lose his right to compensation, we must affirm no matter how seemingly valid plaintiff's reasons are for refusing to submit to surgery.

We have considered plaintiff's remaining assignment of error that the Commission erred in concluding as a matter of law that defendant was entitled to an order that plaintiff undergo a lumbar laminectomy or forego compensation on the grounds that defendant's request for such an order was not timely. We find this assignment to be without merit.

For the reasons set forth above, we find that the Commission did not err in its finding of fact or conclusion of law.

Affirmed.

Judges GREENE and LEWIS concur.