RIERSON v. COMMERCIAL SERVICE, INC.

[116 N.C. App. 420 (1994)]

THOMAS B. RIERSON, Plaintiff-Employee v. COMMERCIAL SERVICE, INC., Defendant-Employer; SHELBY INSURANCE COMPANY, Defendant-Insurance Carrier

No. 9310IC1186

(Filed 20 September 1994)

**Workers' Compensation § 405 (NCI4th)— findings and conclusions drafted by defendant's attorney—independent decision made by deputy commissioner**

The Industrial Commission did not err in adopting the findings of fact and conclusions of law of the deputy commissioner which were adopted from a proposed opinion and award written by defendant's attorney, since the evidence showed that the findings of fact were clearly supported by competent evidence and supported the conclusions of law made; it is acceptable for the deputy commissioner to request one side or the other to prepare the proposed opinion and award so long as the deputy commissioner has made his own decision and is free to ignore, amend, or modify the draft; and the record in this case indicated that the deputy commissioner independently made necessary findings of fact.

**Am Jur 2d, Workers' Compensation §§ 611 et seq.**

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission filed 23 June 1993. Heard in the Court of Appeals 1 September 1994.

*Harris & Iorio, by Douglas S. Harris, for plaintiff-appellant.*

*Carruthers & Roth, P.A., by Barbara L. Curry and Thomas B. Kobrin for defendants-appellees.*

JOHNSON, Judge.

This appeal is from an opinion and award entered 23 June 1993 by the Full Commission of the North Carolina Industrial Commission, in which the deputy commissioner's findings of fact and conclusions of law of 10 November 1992 were fully adopted by the Full Commission.

The facts are as follows: On 18 May 1990, plaintiff, a service contractor for Commercial Service, Inc., while moving a shelf, slipped and fell sustaining a back injury. Plaintiff sought treatment from Dr. Cobb, a chiropractor, who had previously treated plaintiff on a regular basis since 1981.

RIERSON v. COMMERCIAL SERVICE, INC.

[116 N.C. App. 420 (1994)]

On 11 July 1990, plaintiff was sent to Dr. Paul Long, M.D., an orthopedic surgeon at Piedmont Orthopedic Associates for lower back pain. Dr. Long examined plaintiff and found no physical abnormalities, diagnosed him with acute low back muscle strain, and recommended physical therapy. After undergoing physical therapy, plaintiff was re-evaluated by Dr. Long on 27 July 1990. Dr. Long found no abnormalities, and opined that there was no permanent disability, that plaintiff had reached maximum medical improvement, and that plaintiff could return to regular employment.

On 2 August 1990, Dr. Cobb referred plaintiff to a second orthopedic surgeon, Dr. Maultsby, who diagnosed him with myofascial pain syndrome. Dr. Maultsby recommended physical therapy. On 3 January 1991, Dr. Maultsby recommended that plaintiff had reached maximum medical improvement with no permanent impairment. On 25 February 1991, plaintiff sought another opinion from Dr. Nitka who determined that plaintiff had a zero to five percent permanent impairment to his lower back.

Plaintiff continued to seek treatment on a regular basis from Dr. Cobb for both the injury to his lower back and for previous injuries. On 12 August 1991, Dr. Cobb referred plaintiff to Dr. Holmberg, M.D., who referred plaintiff to Dr. Vincent E. Paul, M.D. Dr. Paul treated plaintiff for an injury that occurred in April of 1990 and for the 18 May 1990 injury. Plaintiff's major source of pain was his shoulder and neck, and not his lower back. Plaintiff received therapy until 10 February 1992 at which time he was released to go back to his full work. Plaintiff was given a five percent permanent impairment rating to the neck and a five percent permanent impairment rating to the lower back.

Plaintiff claims that he was unable to engage in employment from the time of the injury until March 1992, except for the three months from April to June 1991. However, evidence shows that plaintiff worked for R.H. Barringer and for Perlick installing draft beer systems for several weeks. Plaintiff also continued to engage in other physical activities such as drag-racing and washing his car.

Based on these facts, Deputy Commissioner Roger L. Dillard, Jr. found that plaintiff had completely recovered from his 18 May 1990 injury by 27 July 1990 with no permanent-partial injury and that this injury did not affect plaintiff's ability to earn wages after that date. The Full Commission of the North Carolina Industrial Commission

adopted the deputy commissioner's findings of fact and conclusions of law. From this opinion and award, plaintiff appeals.

Plaintiff's first assignment of error was whether the North Carolina Industrial Commission erred in adopting the findings of fact and conclusions of law of the deputy commissioner which were adopted from a proposed opinion and award written by defendant's attorney.

The standard of review for a decision of the Industrial Commission is twofold: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Watkins v. City of Asheville*, 99 N.C. App. 302, 303, 392 S.E.2d 754, 756, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990) (*quoting Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984)). *See also Gilbert v. Entenmann's Inc.*, 113 N.C. App. 619, 623, 440 S.E.2d 115, 118 (1994). Defendant in the case *sub judice* contends that the deputy commissioner's findings of fact and conclusions of law are insufficient because the deputy commissioner did not make the findings of fact himself and instead adopted the findings of fact of the opposing party.

The evidence shows that the findings of fact are clearly supported by competent evidence and support the conclusions of law made. Plaintiff argues that because the deputy commissioner asked defendant to draft the opinion, the deputy commissioner failed to make his own specific findings of fact. We disagree. This argument fails to take into account the fact that Deputy Commissioner Dillard reached his own independent decisions regarding the findings of fact and conclusions of law.

It is acceptable for the deputy commissioner to request one side or the other to prepare the proposed opinion and award so long as the deputy commissioner has made his own decision and is free to ignore, amend, modify, etc., the draft. It is also common practice for a trial court judge, or as in the case *sub judice* the deputy commissioner, to request one of the parties to prepare proposed findings of fact and conclusions of law so long as the findings and conclusions are supported by competent evidence. *See Weston v. Carolina Medicorp, Inc.*, 102 N.C. App. 370, 403 S.E.2d 653, *dismissal allowed*, *disc. review denied*, 330 N.C. 123, 409 S.E.2d 611 (1991) (verbatim adoption of party's findings of fact set aside only if there is no competent evidence in the record to support); *Johnson v. Johnson*, 67

N.C. App. 250, 313 S.E.2d 162 (1984) (proper for court to direct party to prepare proposed findings of fact and conclusions).

In the referenced letter to defendant's attorney requesting submission of a proposed opinion and award, Deputy Commissioner Dillard stated:

> I have reviewed the evidence and the contentions of the parties in the above referenced file and have decided to enter an Opinion and Award awarding the plaintiff temporary total disability benefits through July 27, 1990 as suggested in the contentions which you filed and otherwise denying the plaintiff's claim.

This suggests that Deputy Commissioner Dillard made the following findings of fact independently: the amount of temporary-total disability plaintiff was entitled to; that plaintiff had reached the maximum medical improvement on 27 July 1990; that plaintiff suffered from no permanent-partial disability; and that the findings of fact submitted by defendants in their memorandum of contentions were supported by competent evidence. Thus, plaintiff's first assignment of error is without merit.

Plaintiff's second and third assignments of error question whether the Industrial Commission erred in adopting the deputy commissioner's findings of fact numbers 3, 4, 7, 8, 9, and 10 as being unsupported by the evidence and insufficient as a matter of law.

"The Commission's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding." *Gilbert*, 113 N.C. App. at 624, 440 S.E.2d at 118. The Industrial Commission is the sole judge of a witness' credibility and the weight to be given to the witness' testimony. *Id.* "The Industrial Commission has authority to review, modify, adopt, or reject findings of a hearing commissioner . . . ." *Garmon v. Tridair Industries*, 14 N.C. App. 574, 576, 188 S.E.2d 523, 524 (1972). Thus, in the case *sub judice*, the Full Commission did not err in adopting Deputy Commissioner Dillard's opinion and award.

Plaintiff alleges that the Industrial Commission did not address the issue of the witnesses' credibility and therefore, the findings of fact are unsupported by the evidence and insufficient as a matter of law. Plaintiff's allegation fails to consider finding of fact no. 6. Findings of fact no. 6 from which plaintiff did not object states: "Plaintiff's testimony and his other evidence of complaints and conditions on

and after July 27, 1990 are not accepted as credible." Thus, this allegation is without merit.

Plaintiff next argues that findings of fact nos. 3, 7, 8, and 9 are unsupported by the evidence as Dr. Long "never saw the patient again after 17 July 1990, and, therefore could have no opinion as to his current condition . . . ." The opinion and award reveal that the deputy commissioner and the Full Commission accepted Dr. Long's testimony that in his expert medical opinion, plaintiff had fully recovered from his 18 May 1990 injury by 27 July 1990. The findings of fact are also supported by evidence of the medical records of Dr. Maultsby which do not relate the five percent permanent-partial disability rating he awarded to plaintiff on 11 March 1991 to the 18 May 1990 injury; and of Dr. Paul who did not relate his permanent-partial disability rating to the plaintiff's 18 May 1990 injury.

In fact other evidence suggests that plaintiff was not unable to earn wages due to the 18 May 1990 injury after 27 July 1990. Evidence presented reveals that plaintiff engaged in physical labor for R.H. Barringer and Perlick, and that plaintiff frequently engaged in physical activities such as drag-racing and washing his van.

Plaintiff's final assignment of error was that the Industrial Commission erred in adopting the conclusions of law of the deputy commissioner. Plaintiff objects to the conclusions of law on the basis that they are findings of fact which are insufficient to support the conclusions. This argument is without merit. The Full Commission in reviewing Deputy Commissioner Dillard's opinion and award has authority "to determine the case from the written transcript of the hearing before the deputy commissioner and the record before it." *Crump* v. *Independence Nissan*, 112 N.C. App. 587, 589, 436 S.E.2d 589, 592 (1993); *Gilbert*, 113 N.C. App. at 625, 440 S.E.2d at 119.

The three conclusions of the deputy commissioner were adopted by the Full Commission. Thus, they are in fact the conclusions of the Industrial Commission. The Industrial Commission applied the law to its findings of fact and concluded that plaintiff was temporarily disabled from 18 May 1990 to 27 July 1990 and entitled to compensation at the rate of $390.00 per week which has already been paid; that plaintiff had reached maximum medical improvement on 27 July 1990; and that defendants were not liable for medical treatment and expenses after 27 July 1990. Therefore, this assignment of error is without merit.

**IN RE WOODIE**

[116 N.C. App. 425 (1994)]

In conclusion, the Industrial Commission has made explicit findings of fact and conclusions of law regarding the credibility of plaintiff's witnesses. Having made their decision based on competent evidence, the decision of the Full Commission is

Affirmed.

Judges GREENE and LEWIS concur.