Upon waiver of oral argument by the parties, the Full Commission proceeded to review the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. All motions pending before the Deputy Commissioner and the Full Commission are DENIED. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award or to receive further evidence. The Opinion and Award of the Deputy Commissioner is HEREBY AFFIRMED.
* * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. All parties were properly before the Industrial Commission.
2. That there was no question as to misjoinder or nonjoinder of parties.
3. That plaintiff sustained an injury by accident arising out of and in the course of his employment with employer on December 21, 1990.
4. That plaintiff's average weekly wage was $529.05.
5. That plaintiff was paid total disability compensation for a total of 107 5/7 weeks until January 3, 1993, for total compensation in the amount of $37,114.75.
6. That plaintiff was ordered to comply with prescribed medical treatment by the Industrial Commission's Chief Claims Examiner on December 4, 1992.
7. That compensation was paid to plaintiff until an Industrial Commission Form 24 application was approved by the North Carolina Industrial Commission on December 18, 1992.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Subsequent to his injury by accident, plaintiff came under the care of a chiropractor, Dr. J. Jerry Fidler. Employee was later referred to Dr. Chapman, an orthopaedic surgeon and spine specialist in Charlotte, North Carolina for further evaluation and treatment.
2. After a CT scan, Dr. Chapman diagnosed plaintiff as having a herniated disc at L5-S1 on the left. Dr. Chapman treated plaintiff conservatively with physical therapy and epidural steroid injections. Dr. Chapman's conservative treatment initially provided plaintiff with substantial improvement. Nevertheless, plaintiff's symptoms of disabling low back and left leg pain would reoccur with any substantial physical activity. On March 19, 1992, Dr. Chapman continued to believe that plaintiff's herniated disc at L5-S1 was causing his symptoms. On that date, plaintiff declined additional epidural steroid injections or any surgical treatment. Consequently, Dr. Chapman released plaintiff to return to work, and assigned him a five percent permanent partial disability to the spine because of complaints of pain. At that time, Dr. Chapman felt that nothing further could be done for plaintiff from a nonsurgical standpoint.
3. Plaintiff was seen by Dr. Ted J. Waller, an orthopaedic surgeon in Boone, North Carolina, on September 8, 1992. Dr. Waller reviewed plaintiff's diagnostic testing and concurred with Dr. Chapman's diagnosis that plaintiff had a herniated disc at L5-S1 on the left. Dr. Waller informed plaintiff that he should strongly consider surgery.
4. Plaintiff was again seen by Dr. Todd Chapman on October 28, 1992. Plaintiff was accompanied to that appointment by his wife and his rehabilitation nurse at the time, JoAnne Hartley. At that appointment, Dr. Chapman thoroughly explained to plaintiff that his herniated disc was compressing on the nerve root with resulting left leg pain. Dr. Chapman further explained the risks of the surgery to plaintiff and the projected outcome should surgery be performed. It was Dr. Chapman's opinion that surgery would relieve plaintiff's left leg pain and would substantially improve his functional capacity and his ability to return to work. Dr. Chapman was of the impression that the chances of surgery successfully relieving plaintiff's leg pain without complications or risks were 90-95 percent. Dr. Chapman felt that plaintiff needed to have a hemilaminotomy and partial diskectomy, and that that procedure was the only option to increase plaintiff's functional capabilities and relieve his pain.
5. The procedure which Dr. Chapman believed would relieve plaintiff's pain and return him to a greater functional capacity would require a hospital stay of approximately two days. Plaintiff would be in substantial pain for approximately 36-48 hours subsequent to the surgery, and would have to have his pain controlled by medication during that period of time.
6. Plaintiff refuses to undergo the recommended surgical procedure and has received a rating of permanent partial disability to his back without surgery of five percent. As a result of his present back condition, plaintiff is unable to return to his former employment as an automobile mechanic; however, it is anticipated that the proposed surgery will improve plaintiff's condition and he will be able to return to his former employment. Although plaintiff testified that he is afraid to have the surgery because he has heard bad reports from other persons who have had back surgery, plaintiff received thorough counseling from Dr. Chapman and Dr. Waller about the relative risks and benefits of the surgery. Plaintiff understands that the herniated disc is compressing his nerve root and resulting in his pain, which plaintiff testified is disabling him from any work or substantial physical activity.
7. There is a high probability that the surgery would significantly reduce plaintiff's pain and lessen the period of his disability. Plaintiff is not at a greater risk of experiencing problems from the proposed surgery than other patients and such surgery would be sought by a similarly situated reasonable man.
8. The surgery which plaintiff refused to undergo is not of a serious magnitude and risk, does not involve much pain and suffering, and is not of an uncertain benefit.
9. Plaintiff's refusal to undergo the hemilaminotomy and partial diskectomy is unreasonable.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. As plaintiff's refusal to undergo the recommended surgical treatment is unreasonable, plaintiff is barred from receiving further compensation benefits until such refusal ceases. N.C.G.S. § 97-25; Watkins v. City of Asheville, 99 N.C. App. 302,392 S.E.2d 754, disc. rev. denied, 327 N.C. 488, 397 S.E.2d 238
(1990).
2. Defendant is entitled to receive a credit for all temporary disability compensation benefits paid to plaintiff subsequent to December 18, 1992.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
ORDER
1. As long as plaintiff refuses to undergo the recommended surgical treatment, plaintiff's claim for additional temporary total disability compensation is HEREBY DENIED.
2. Defendant shall receive a credit for all temporary total disability compensation benefits paid to plaintiff subsequent to December 18, 1992.
3. Defendant shall pay expert witness fees in the amounts of $100.00 to William H. Knight, Ph.D., and in the amount of $85.00 to JoAnne Hartley.
4. Defendant shall pay the costs.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 10/28/94