DARLENE ALVA, EMPLOYEE-PLAINTIFF V. CHARLOTTE MECKLENBURG HOSPITAL AUTHORITY, EMPLOYER-DEFENDANT SELF-INSURED, (CONSOLIDATED RISK MANAGEMENT SERVICES, SERVICING AGENT)

No. 9410IC450

(Filed 21 February 1995)

1. **Workers' Compensation § 109 (NCI4th)— nurse's assistant—lifting patient from bed to wheelchair—vaginal hernia, uterine and bladder prolapse—accident**

There was competent, credible evidence to support the Industrial Commission's findings of fact that plaintiff had sustained an accident within the meaning of the Workers' Compensation Act where plaintiff, a nursing assistant at defendant's nursing home, was supporting a patient in a bed-to-wheelchair transfer when the patient yelled and fell back toward the bed and plaintiff in response made a jerking lunge to support the patient's weight and to secure her from falling back onto the bed, immediately feeling pain and eventually requiring removal of the uterus, repair of a vaginal hernia, repair of the angle between the vaginal area and the bladder, and suffering permanent damage to the bladder. There was an unexpected interruption of the normal work routine of lifting patients which constituted an accident within the meaning of the North Carolina Workers' Compensation Act.

**Am Jur 2d, Workers' Compensation §§ 245, 246.**

2. **Workers' Compensation § 118 (NCI4th)— nurse's assistant—lifting patient from bed to wheelchair—vaginal hernia, uterine and bladder prolapse—pre-existing condition**

The Industrial Commission did not err in finding plaintiff's claim to be compensable where plaintiff, a nursing home nurse's aide, was injured while moving a patient from a bed to a wheelchair and defendant contended that plaintiff had a pre-existing condition that had been present prior to this incident. There was medical testimony that this incident caused the pelvic condition requiring the repair surgery, that the incident was the cause of plaintiff's condition, and that her problem arose in a work situation and that she had no pre-existing problem of any significance.

**Am Jur 2d, Workers' Compensation §§ 317-320.**

**Sufficiency of proof that hernia resulted from accident or incident in suit rather than from pre-existing condition. 2 ALR3d 434.**

**Sufficiency of proof that urogenital condition resulted from accident or incident in suit rather than from pre-existing condition. 2 ALR3d 464.**

3. **Workers' Compensation § 246 (NCI4th)— nurse's assistant—lifting patient from bed to wheelchair—loss of uterus—amount of compensation**

The Industrial Commission did not abuse its discretion by awarding plaintiff $15,000 for the loss of her uterus. Awards under N.C.G.S. § 97-31(24) are within the Commission's discretion and will not be overturned absent an abuse of discretion.

**Am Jur 2d, Workers' Compensation §§ 400 et seq.**

**Excessiveness or adequacy of damages awarded for injuries to, or conditions induced in, sexual organs and processes. 13 ALR4th 183.**

4. **Workers' Compensation § 246 (NCI4th)— nurse's assistant—lifting patient from bed to wheelchair—permanent bladder damage—amount of compensation**

The Industrial Commission did not abuse its discretion by awarding plaintiff $11,000 for bladder damage where there was medical evidence that the bladder dysfunction is permanent and the result of this incident and the corrective surgery.

**Am Jur 2d, Workers' Compensation §§ 400 et seq.**

**Excessiveness or adequacy of damages awarded for injuries to trunk or torso, or internal injuries. 16 ALR4th 238.**

Appeal by defendant from opinion and award of Chief Deputy Commissioner Dianne C. Sellers, filed on behalf of the Full Industrial Commission on 21 January 1994 and amended 9 February 1994. Heard in the Court of Appeals 25 January 1995.

*Tania L. Leon, P.A., by Tania L. Leon, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mika Z. Savir and Paige E. Williams, for defendant-appellant.*

JOHNSON, Judge.

Darlene Alva (plaintiff), a nurse's assistant at defendant's nursing home, was injured on 8 February 1991 while assisting a patient in a bed-to-wheelchair transfer. Plaintiff was supporting the patient in a position just off the bed, when the patient unexpectedly yelled out and fell back toward the bed. Plaintiff, in response, made a jerking lunge to support the patient's weight and to secure her from falling back onto the bed. Plaintiff immediately felt a pain in her lower back and experienced a sudden involuntary loss of urine. Plaintiff promptly reported to her supervisor that she sustained an injury while assisting the patient in the transfer. The next morning, she noticed when she bent over a heavy fullness in the groin, and felt that "everything was falling out." She examined herself with a mirror, observing what she believed to be her uterus extending out of the vaginal opening. Plaintiff called her gynecologist, Robert Shirley, M.D., and was seen in his office on 11 February 1991, on an emergency basis.

Upon examination, Dr. Shirley found that plaintiff had a marked cystocele with uterine descensus down into the vaginal opening and a substantial rectocele (a bulging of the bladder down into the vagina from the front, a collapse of the pelvic floor into the rear wall of the vagina, with the uterus descending into the vagina, and the cervix extending to the vaginal opening). Dr. Shirley recommended the removal of the uterus through an abdominal incision, a repair of the angle between the vaginal area and the bladder as well as the repair of the hernia in the back wall of the vagina. Plaintiff underwent surgical repair and returned to her former occupation with defendant-hospital.

The Industrial Commission in its opinion and award made the following findings of fact:

11. As a result of the incident on 8 February 1991 and the required surgery, plaintiff has permanent problems with bladder function.

. . .

12. As a result of the incident on 8 February 1991, plaintiff has had a one hundred percent loss of her uterus, which is an important organ or part of plaintiff's body for which no compensation is payable under any other subdivision of N.C. Gen. Stat. § 97-31; equitable compensation for which is $15,000.00.

13. As a result of the incident on 8 February 1991, plaintiff has had permanent damage to her bladder, which is an important organ or part of plaintiff's body for which no compensation is payable under any other subdivision of N.C. Gen. Stat. § 97-31; equitable compensation for which is $11,000.00.

The Commission then concluded that plaintiff was entitled to temporary total disability compensation at the rate of $116.49 from 25 February 1991 to 20 April 1991; compensation for total loss of her uterus; permanent damage to her bladder; all medical expenses and attorney's fees.

[1] Defendant first argues that there is no competent, credible evidence to support the Commission's findings of fact that plaintiff sustained an "accident" on 8 February 1991 within the meaning of the North Carolina Workers' Compensation Act. We disagree.

Appellate review of an opinion and award of the Industrial Commission is limited to two questions of law: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether . . . the findings of fact of the Commission justify its legal conclusions and decisions." *Watkins v. City of Asheville*, 99 N.C. App. 302, 303, 392 S.E.2d 754, 756, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990) (*quoting Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984)); *Gilbert v. Entenmann's Inc.*, 113 N.C. App. 619, 623, 440 S.E.2d 115, 118 (1994). On appeal, the Industrial Commission's findings of fact are conclusive if supported by competent evidence even though a contrary finding may be found. *Gilbert*, 113 N.C. App. 619, 440 S.E.2d 115. "[T]he Industrial Commission is the sole judge of the credibility

of the witnesses and the weight to be given their testimony." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683-84 (1982). In the case *sub judice*, there is competent evidence to support the Commission's findings of fact and conclusions of law.

In order for an injury to be compensable under the North Carolina Workers' Compensation Act, there must be a work-related "accident." Our Supreme Court has defined an "accident" as "(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause." *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E.2d 109, 110-11 (1962). *See also Gunter v. Dayco Corp.*, 317 N.C. 670, 346 S.E.2d 395 (1986). Plaintiff is required to show that something unexpected and outside of her normal work duties occurred which interrupted her work routine and caused her injury. *Harding*, 256 N.C. 427, 124 S.E.2d 109.

In the instant case, the Industrial Commission accepted as competent, credible evidence that plaintiff was injured as a result of the unexpected yell of the patient and sudden weight shift, coupled with plaintiff's reflexive jerk to insure that the patient did not fall on the bed. This was an unexpected interruption of the normal work routine of lifting patients which constituted an accident within the meaning of the North Carolina Workers' Compensation Act.

[2] Defendant next argues that the Commission erred in finding plaintiff's claim to be compensable because there is no evidence of a causal connection between plaintiff's injury and the alleged accident. Defendant contends that plaintiff had a pre-existing condition that had been present for weeks or months prior to the 8 February 1991 incident. Symptoms indicated that there was some degree of uterine prolapse and bladder abnormality developing prior to 8 February 1991. Defendant, however, neglects to take into account the testimony of Dr. Shirley that in his opinion the 8 February 1991 incident described by plaintiff caused the pelvic condition requiring the repair surgery that was performed.

> In *Lockwood v. McCaskill*, 262 N.C. 663, 138 S.E.2d 541 (1964), the Supreme Court held that an expert's opinion that a particular cause "could" or "might" have produced the result indicates that the result is capable of proceeding from the particular cause within the realm of reasonable probability. . . . [T]he Court [further] recognized that "[a] result in a particular case may stem from a number of causes." 262 N.C. at 668, 138 S.E.2d at 545. All

that is necessary is that expert express an opinion that a *particular* cause was *capable* of producing the injurious result. *Id.*

*Buck v. Procter & Gamble Co.*, 52 N.C. App. 88, 94-95, 278 S.E.2d 268, 272-73 (1981). In the instant case, Dr. Shirley testified that the 8 February 1991 incident was the cause of plaintiff's condition. Further, Dr. Shirley wrote that "her problem did arise in a work situation—that she had no pre-existing problem of any significance."

[3] Defendant also argues that the Commission abused its discretion in awarding plaintiff $15,000.00 for the loss of her uterus under North Carolina General Statutes § 97-31(24) (1991). North Carolina General Statutes § 97-31(24) provides:

> In case of the loss of or permanent injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed twenty thousand dollars ($20,000).

Awards under North Carolina General Statutes § 97-31(24) are within the Commission's discretion and will not be overturned on appeal absent an abuse of discretion. *Little v. Penn Ventilator Co.*, 317 N.C. 206, 345 S.E.2d 204 (1986). Abuse of discretion is determined by asking whether a decision is "manifestly unsupported by reason," *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985), or "so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985).

In the instant case, the Commission based its opinion and award on a rational basis. Plaintiff was permanently deprived of her uterus, an important organ. Thus, the Commission's award of $15,000.00 for plaintiff's permanent loss of her uterus was a proper exercise of discretion.

[4] Defendant's final argument is that the Commission abused its discretion in awarding plaintiff $11,000.00 for "permanent damage" to her bladder under North Carolina General Statutes § 97-31(24). This argument must also fail in that defendant has failed to show that the Commission abused its discretion. The evidence shows that Dr. Shirley testified that in his opinion the bladder dysfunction experienced by plaintiff is permanent in nature and a result of the 8 February 1991 incident and the corrective surgery. Thus, the Commission relying on credible and competent evidence found that plaintiff's bladder, an important organ, was permanently damaged.

Having reviewed the record, there is sufficient evidence to support the Commission's findings of fact and these findings support the conclusions of law. Having made their decision based on competent, credible evidence, the decision of the Commission is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, MARK D. concur.