***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the Workers' Compensation Act.
2. An employment relationship existed at the time of the injury.
3. Employer was self-insured for purposes of Workers' Compensation and coverage was in effect at the time of the alleged injury.
4. Liability has not been admitted in the case.
5. Plaintiff has been paid nothing in this case.
6. Employee's recorded statements may be received into evidence.
7. All medical evidence shall be submitted either by stipulated medical reports or deposition after the deputy commissioner hearing.
8. Plaintiff's average weekly wage was $390.00, yielding a compensation rate of $260.01.
9. The parties agree that the contested issues to be tried by the Full Commission are as follows:
 (a) Did the Plaintiff suffer an injury by accident arising out of and in the course of employment on or about July 28, 1998?
 (b) What amount, if any, permanent partial disability is Plaintiff entitled to receive?
10. The medical records of Pamlico Medical Center, John M. Kerr, Jr., M.D., FACS, Lloyd Powell Hitchings, M.D., and Gordon J. Iiams, M.D., and Plaintiff's Responses to Defendants' First Set of Interrogatories are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Defendants employed plaintiff as a carpenter on July 28, 1998 when he suffered an injury by accident to his left wrist while removing a bottom metal window sash. Plaintiff suffered a puncture injury when a 1.5-millimeter metal fragment became lodged in his left wrist. Plaintiff lost no time from work as a result of his compensable injury.
2. Following his injury by accident, plaintiff presented to Pamlico Medical Center Plaintiff was treated by Dr. J.C. Dieck who suggested to him that the metallic foreign body should be removed from his left wrist. Plaintiff declined medical treatment in the form of removal of the metallic foreign body from his left wrist at that time.
3. On April 30, 1999, approximately nine months after his compensable injury by accident, plaintiff presented to Dr. John M. Kerr, Jr. for treatment of his left hand pain. After Dr. Kerr's physical examination of plaintiff and review of his left wrist x-ray, Dr. Kerr determined plaintiff likely suffered from cervical radiculopathy with a more centrally located lesion and not an injury to any nerves of plaintiff's left wrist. Dr. Kerr referred plaintiff to Dr. Lloyd Powell Hitchings for neurological treatment.
4. Plaintiff is not making a claim for a cervical condition.
5. On November 1, 1999, plaintiff presented to Dr. Hitchings for treatment of plaintiff's left hand pain. Dr. Hitchings, after an extensive physical examination of plaintiff's left hand and wrist, determined that plaintiff's, "[S]ensory exam possibly shows some decrease maybe in a median distribution, with some possible hyposthesia in the dorsum of the left hand, which may indicate a radial nerve distribution." Dr. Hitchings opined that he was unsure how such a small metallic foreign body could cause plaintiff's left wrist condition.
6. On January 13, 2000, plaintiff again presented to Dr. Hitchings for a follow-up visit. Dr. Hitchings determined plaintiff's physical examination and nerve conduction studies were normal.
7. In a February 28, 2000 letter from Dr. Kerr to plaintiff's counsel, Dr. Kerr indicated that plaintiff was able to work. Dr. Kerr further stated that he did not think it would be of any benefit to remove the metal fragment and the risks associated with the procedure may be greater than the chance of improvement.
8. On March 27, 2001, plaintiff presented to Dr. Gordon J. Iiams for an independent medical evaluation of plaintiff's left wrist. Plaintiff provided Dr. Iiams a history that plaintiff was totally disabled as a result of his left wrist injury. Plaintiff also indicated to Dr. Iiams that plaintiff's left wrist and hand pain, "[O]nly occurs after prolonged use of instruments such as a hammer or some other kind of racquet type instrument requiring hammering or other relatively vigorous physical activity." On physical examination of plaintiff, Dr. Iiams determined plaintiff's muscles surrounding his left wrist were normal, had not atrophied, showed no decreased muscle tone, and that there were no areas of sweat pattern change, which would have been indicative of sensory nerve deficit.
9. Dr. Iiams determined that plaintiff could undergo exploratory surgery to remove the metallic foreign body from the dorsal aspect of plaintiff's left wrist. Dr. Iiams also noted that the exploratory surgery would not result in any significant change in plaintiff's left wrist symptoms.
10. Dr. Iiams noted that if the exploratory surgery was unsuccessful, plaintiff could undergo a nerve resection in which the end of the nerve is cut and buried in muscle or bone. The Full Commission finds that while a nerve resection may provide complete pain relief, the risk of a significant psychiatric condition due to the loss of sensation in plaintiff's left hand is an unreasonable risk, which could create a more serious condition than that experienced by plaintiff without the nerve resection surgery.
11. Plaintiff is currently working with a different employer at equal or greater wages than he was earning at the time of his injury by accident on July 28, 1998.
 ***********
Based upon the findings of fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's desired exploratory and nerve resection surgery is not medically necessary to affect a cure, give relief, or lessen the period of plaintiff's disability. N.C. Gen. Stat. §§ 97-2(19); 97-25;Schofield v. Great Atlantic and Pacific Tea Co., Inc.., 299 N.C. 582, 264, S.E.2d 56 (1980).
2. Plaintiff's desired exploratory and nerve resection surgery is not a reasonable treatment for plaintiff's left wrist condition as determined by the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §97-25; Watkins v. City of Asheville, 99 N.C. App. 302, 392 S.E.2d 754,disc. Review denied, 327 N.C. 488, 397 S.E.2d 238 (1990).
 ***********
Based upon the foregoing findings of fact, and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim for medical compensation, in the form of exploratory and nerve resection surgery, is hereby DENIED.
2. Each party shall bear its own costs.
This the ___ day of September 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER