HUNT v. SCOTSMAN CONVENIENCE STORE

[95 N.C. App. 620 (1989)]

HAROLD HUNT, EMPLOYEE, PLAINTIFF v. SCOTSMAN CONVENIENCE STORE
No. 93, EMPLOYER, AND HOME INSURANCE COMPANY, CARRIER, DEFENDANT

No. 8810IC1397

(Filed 19 September 1989)

**Master and Servant § 65.2 — workers' compensation — back injury — plaintiff's testimony not credible**

The evidence was sufficient to support the Industrial Commission's denial of plaintiff's claim for compensation for a back injury on the ground that plaintiff's testimony as to how the injury occurred was not credible and failed to establish an injury by accident.

ON 21 June 1985 plaintiff, a store clerk for Scotsman Convenience Store No. 93, allegedly injured his back while lifting a crate of empty drink bottles. According to plaintiff, he was lifting the crate when a customer came up behind him and spoke to him in a loud voice, startling plaintiff and causing him to turn sharply and injure his back. Defendants refused to acknowledge plaintiff's injury, and as a result plaintiff filed a workman's compensation claim and requested a hearing.

After a hearing on 14 April 1987, the Deputy Commissioner denied plaintiff's claim. In his opinion and award the Deputy Commissioner made the following findings and conclusions which were excepted to by defendant:

The plaintiff's testimony was not credible. His testimony was notable for its constant exaggeration and misstatement of the truth. For instance, on cross-examination, the plaintiff initially stated categorically that he had never hurt his back prior to August of 1984. However, the stipulated medical records of Drs. Patterson and Cox indicate that on August 7, 1984 the plaintiff gave Dr. Cox 'a history of similar back pain with radiation into the left leg several years ago when a large crate fell on him. He was hospitalized and treated medically at this time for about three weeks.' The plaintiff also gave Dr. Cox a history of 'persistent chronic back pain.'

Other testimony notable for its distortion of the facts involved the plaintiff's contention that he 'was in pretty good shape' prior to the alleged accident on June 21, 1985. In actuali-

HUNT v. SCOTSMAN CONVENIENCE STORE

[95 N.C. App. 620 (1989)]

ty, the stipulated medical records indicate that the plaintiff suffered from a medley of physical problems including high blood pressure, osteoarthritis, insulin dependent diabetes, exogenous obesity, hiatal hernia, degenerative joint disease, peptic ulcer, dysphagia, depression, pneumonia, chronic lung disease, arthritis in the spine, frequent skin lesions or infections, depression, and chest pain which had necessitated a trip to the emergency room in Greenville as recently as April 20, 1985. In addition, plaintiff had had ear and knee surgery.

Finally, the plaintiff claimed that his weight at the time of the accident was 'in the neighborhood of 200 pounds.' However, the stipulated medical records reveal that on November 21, 1984 his weight was 260 pounds and on July 30, 1985 his weight was 249 pounds. In order for the plaintiff's testimony to have been accurate, he would have needed to lose approximately 60 pounds in the six months between November 21, 1984 and the date of the alleged accident on June 21, 1985 and then regain approximately 50 pounds in the 39 days between June 21, 1985 and July 30, 1985. The possibility of this having happened is regarded as extremely remote.

The plaintiff's demeanor at the hearing and his misstatements of evidence compel a finding of the alleged injury by accident are not accepted as credible.

4. The plaintiff did not sustain an injury by accident as alleged on June 21, 1985.

Plaintiff appealed to the full commission which affirmed the Deputy Commissioner's order and award.

*Hugh D. Cox for plaintiff-appellant.*

*Hedrick, Eatman, Gardner and Kincheloe, by Francis B. Prior and Anne . Strader Tise, for defendant-appellees.*

LEWIS, Judge.

Plaintiff brings forward the following three assignments of error:

1. The Full Commission's affirmation of the Opinion and Award of the . . . Deputy Commissioner of the North Carolina Industrial Commission, in his Finding of Fact No. 3 that the

plaintiff's testimony was not credible because of exaggeration and misstatement of the truth. . . .

2. The Full Commission's affirmation of the Opinion and Award of the . . . Deputy Commissioner of the North Carolina Industrial Commission, in his Finding of Fact No. 4 that the plaintiff did not sustain an injury by accident. . . .

3. The Full Commission's affirmation of the Opinion and Award of the . . . Deputy Commissioner of the North Carolina Industrial Commission, in his Conclusion of Law No. 1 that the plaintiff's testimony did not establish credible evidence of his injury by accident which entitles the plaintiff to benefits under General Statute Section 97-29.

Plaintiff's assignment of errors are to the Commission's findings of fact and conclusions as to plaintiff's credibility. The law is well established that the Industrial Commission is the sole judge of the credibility of witnesses and the weight of testimony before the court. *Mayo v. City of Washington*, 51 N.C. App. 402, 406, 276 S.E.2d 747, 750 (1981); *Grant v. Burlington Indus., Inc.*, 77 N.C. App. 241, 335 S.E.2d 327 (1985); *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965). On appeal from an award of the Industrial Commission the jurisdiction of the court is limited to the questions of law as to whether there was competent evidence before the Commission to support its findings of fact. *Henry v. A.C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 762 (1950). Moreover, if the evidence before the Commission is ·capable of supporting two contrary findings, the determination of the Commissioner is conclusive on appeal. *Dolbow v. Holland Indus., Inc.*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *cert. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984). The duty of this Court in reviewing the validity of the award on appeal is to ascertain whether there is *any* competent evidence in the record to support such a finding. *Dolbow, supra.*

The Deputy Commissioner's specific findings setting forth the basis for his determination that the plaintiff was less than credible are supported by the record. Plaintiff, on cross examination, admitted to the many discrepancies contained in his direct testimony. His misstatements coupled with his lengthy history of back injury as well as many other ailments, supports the Commission's findings. The fact that plaintiff's doctor testified that plaintiff's disability was attributable entirely to his alleged accident at defendant's

store is not ground for reversal. The Commission is free to assign more weight or credibility to certain testimony than to other testimony. *Dolbow, supra.*

Accordingly, we affirm.

Affirmed.

Judges ARNOLD and ORR concur.