.CARTER v. NORTHERN TELECOM

. [123 N.C. App. 547 (1996)]

———————

SELITA CARTER, Employee, Plaintiff v. NORTHERN TELECOM, Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. COA96-46

(Filed 6 August 1996)

**Workers' Compensation § 114 (NCI4th)— employee's condition not related back to injury—sufficiency of evidence**

The evidence was sufficient to support the Industrial Commission's conclusion that plaintiff's condition did not relate back to her compensable on-the-job injury and that she was not entitled to further benefits where it tended to show that her current condition was the result of an automobile accident in which she injured both shoulders and one arm, rather than the job related injury where she injured her right arm.

**Am Jur 2d, Workers' Compensation § 269.**

**CARTER v. NORTHERN TELECOM**

[123 N.C. App. 547 (1996)]

Appeal by plaintiff from Opinion and Award entered 22 September 1995 by the North Carolina Industrial Commission. Heard in the Court of Appeals 22 July 1996.

*Perry & Brown, by Cedric R. Perry and Stephanie J. Brown, for plaintiff appellant.*

*Maupin Taylor Ellis & Adams, P.A., by John D. Elvers, for defendant appellees.*

ARNOLD, Chief Judge.

Plaintiff suffered a compensable on-the-job injury to her upper right extremity on 11 August 1992, for which defendants admitted liability. Following an office visit on 16 December 1992, plaintiff's physician anticipated that plaintiff would return to work in January of 1993. However plaintiff sustained injuries to both shoulders and her right arm in an automobile accident on 26 December 1992. As a result, plaintiff did not return to work, and her employment was eventually terminated. Defendants discontinued temporary total disability payments to plaintiff as of 15 January 1993, and plaintiff subsequently filed a workers' compensation claim against defendant-employer.

Following a hearing on 12 July 1994, Deputy Commissioner Tamara R. Nance denied plaintiff's claim in an Opinion and Award filed on 27 February 1995. Plaintiff then appealed to the Full Commission, which heard her claim on 28 June 1995. The record on appeal indicates that the Full Commission made the following relevant findings of fact:

4. In December 1992, plaintiff came under the care of Dr. Barada for her right upper extremity complaints. Dr. Barada diagnosed regional fibromyalgia and rotator cuff strain caused by her activities at work, and prescribed Amitriptyline and exercise. By 16 December 1992, plaintiff was much improved and reported to Dr. Barada that her right hand and wrist were fine, but that she still experienced some right shoulder pain as the day wore on. Dr. Barada injected the right shoulder and opined that plaintiff should be able to return to work in 2 to 4 weeks.

5. On 26 December 1992, plaintiff was involved in an automobile accident in which she sustained injuries to both shoulders and her right arm. This accident significantly aggravated plaintiff's right arm complaints, such that because of the automobile acci-

dent plaintiff was unable to return to work in January 1993 as Dr. Barada had predicted.

. . . .

9. The injury of 11 August 1992 has not rendered plaintiff unable to earn the same wages she was earning at the time of the injury in the same or any other employment since January 1993, when, but for the automobile accident, plaintiff would have been able to return to work for defendant-employer.

10. Plaintiff retains no permanent disability as a result of the injury of 11 August 1992.

On the basis of these and other findings of fact, the Full Commission concluded that:

1. Plaintiff is not entitled to further benefits under the Workers' Compensation Act, inasmuch as she has not been disabled as a result of the injury of 11 August 1992 since the date of last payment of compensation. The key issue in this case revolves around causation rather than current extent of disability, in particular, the question of whether plaintiff's current condition can be sufficiently related back to her original injury or whether the intervening auto accident is responsible for plaintiff's current condition. There is insufficient convincing evidence of record to relate plaintiff's current condition back to her compensable on-the-job injury. As this is the case, the extent of plaintiff's disability becomes irrelevant to her workers' compensation case.

2. Plaintiff is thus not entitled to further benefits under the Workers' Compensation Act.

The Full Commission thereupon denied plaintiff's claim for further compensation. From the Full Commission's Opinion and Award, plaintiff appeals.

Plaintiff contends that the Full Commission erred in finding that her present condition was not proximately caused by her compensable on-the-job injury. In addition she argues both that the Full Commission erred by failing to find that she was permanently disabled, and that defendants failed to offer evidence of her ability to return to work. We disagree and affirm the Full Commission's Opinion and Award.

**CARTER v. NORTHERN TELECOM**

[123 N.C. App. 547 (1996)]

This Court's jurisdiction in an appeal from the Industrial Commission "is limited to the questions of law as to whether there was competent evidence before the Commission to support its findings of fact. Moreover, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commissioner is conclusive on appeal." *Hunt v. Scotsman Convenience Store*, 95 N.C. App. 620, 622, 383 S.E.2d 390, 391, *disc. review denied*, 325 N.C. 707, 388 S.E.2d 456 (1989). "[T]he Industrial Commission is the sole judge of the credibility of witnesses and the weight of testimony before the court." *Id.*

In determining whether the aggravation of an injury or a distinct new injury is compensable, a claimant must show that the primary injury arises out of and in the course of employment and that "every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant's own intentional conduct." *Starr v. Paper Co.*, 8 N.C. App. 604, 611, 175 S.E.2d 342, 347, *cert. denied*, 277 N.C. 112 (1970) (quoting Larson's Workmen's Compensation Law § 13.00). "When a first cause produces a second cause that produces a result, the first cause is a cause of that result." *Petty v. Transport, Inc.*, 276 N.C. 417, 426, 173 S.E.2d 321, 328 (1970) (citation omitted).

Dr. George S. Edwards, Jr., who examined plaintiff on 10 August 1994, testified that her "present condition has nothing to do with her work at Northern Telecom." He stated that plaintiff's condition (fibromyalgia) had never been shown to have evolved from an injury and that any tendinitis problems had had ample time to resolve. In addition he asserted that plaintiff's condition was not caused by her work, nor had her job caused "any permanent condition that would be rated with a disability." Dr. Paul H. Wright examined plaintiff on 26 January 1993. After reviewing a note from Dr. Edwards and recent medical records, Dr. Wright agreed Dr. Edwards "may very well be correct" that plaintiff's current symptoms were not related to her employment in any way and that she has no permanent partial disability related to her employment.

Although plaintiff introduced evidence from two other physicians in support of her contention that her current condition was causally related to her compensable on-the-job injury, the Full Commission's findings to the contrary are supported by competent evidence in the record. As noted earlier, if the evidence is capable of supporting two contrary findings, the Full Commission's determination is conclusive

on appeal. *See Hunt*, 95 N.C. App. 622, 383 S.E.2d at 391. Given that plaintiff failed to prove causation, the Full Commission did not err in concluding that the extent of her disability was irrelevant.

Affirmed.

Judges GREENE and JOHN concur.