The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and Mt. Olive Pickle.
3. American Protection Insurance Company was the workers' compensation carrier on the risk during the time in question.
4. The Commission may take notice of the Form 21 entered by the parties. The Form 21 approved by the Commission on or about March 31, 1998 shows that the defendants accepted as a compensable injury or disease plaintiff's hands and arms condition, which arose on or about January 6, 1998. Plaintiff's average weekly wage under the Form 21 was $371.66, with a compensation rate of $247.79.
5. Plaintiff received temporary total disability benefits during the time that she was authorized to remain out of work by her treating physician from January 14, 1998 until October 25, 1998.
6. Plaintiff returned to work on October 26, 1998 and continued to be employed by the employer until December 1, 1998, the date she last worked for the employer.
7. The parties agree that the issues are:
 (a) Whether plaintiff's alleged cervical condition is causally related to her employment.
 (b) What amount of permanent partial disability has plaintiff sustained as a result of her compensable upper extremity condition.
 (c) What additional medical treatment, if any, is plaintiff entitled to receive.
 (d) Whether plaintiff refused suitable employment and is therefore barred from receiving compensation pursuant to N.C. Gen. Stat. § 97-32.
 ***********
Based upon the competent evidence of record and the reasonable inferences flowing therefrom, the the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 53 years old. She was born March 25, 1946. She has worked for the Mt. Olive Pickle Company for 28 years.
2. Plaintiff developed left hand carpal tunnel syndrome, which was accepted as compensable by her employer. Plaintiff came under the care of Dr. George Edwards, Jr., a hand specialist. On April 21, 1998, Dr. Edwards performed a left carpal tunnel and cubital tunnel release surgery on plaintiff.
3. Dr. Edwards kept plaintiff out of work for an extended period of time, in part due to her ongoing complaints of pain, which were out of proportion to the objective findings. The medical records show that plaintiff has a low threshold for pain and tends to be very excitable. Her subjective complaints of pain cannot always be supported objectively.
4. As of October 21, 1998, Dr. Edwards found that plaintiff had reached maximum medical improvement, and sustained a twelve percent permanent impairment to her left hand. He released her to return to work with restrictions of no lifting over 20 pounds and no repetitive activities and a full 40-hour week.
5. The employer offered plaintiff a light duty position washing bottles. Plaintiff would stand at the entry of an automatic glass washer and transfer bottles to the washer. She might need to empty some brine from the bottles, which she could do by pouring it down a drain. Plaintiff would place the bottles on a conveyor that took them through the washer, which took about 5 minutes to cycle. The empty bottles weighed about four ounces and a large bottle with brine could weigh up to three and a quarter pounds. There was no heavy lifting and no repetitive movement involved and the position was within the restrictions given by Dr. Edwards.
6. Al Gorrod, an ergonomics expert evaluated the bottle washing position and concluded that it was within the restrictions put on plaintiff by Dr. Edwards. His testimony is found to be credible and persuasive. Mr. Gorrod found that the position was not repetitive under OSHA or NIOSH standards and assigned a risk factor for repetition of low or 2 on a scale of 0-10. Of seven risk factors that he considered, forceful exertion, awkward position, unsupported posture, hard mechanical contact, vibration, temperature, and pace, all the others were rated as 0 on the 0-10 scale, showing they had no such risk.
7. Plaintiff returned to the light duty bottle washing job on October 26, 1998. During the first week, she worked only 20.5 hours, and during the second week she worked only 7.8 hours. Despite the fact that she did not have medical excuses from work, plaintiff continued to work only 5 to 10 hours per week.
8. As a result of plaintiff's poor attendance, the production supervisor, James Best and the personnel manager, Chris Martin, met with plaintiff on December 2, 1998. They advised her that she needed to maintain regular hours or she would be terminated. This was also set out in a memo dated December 1, 1998.
9. Plaintiff continued to fail to work a full week. As a result, her employment was terminated on December 7, 1998.
10. The greater weight of the evidence shows that plaintiff was offered suitable employment within her restrictions. Plaintiff refused to perform such employment without any just cause. Plaintiff's testimony that she was in too much pain to work is not found to be credible or supported by the greater weight of the evidence.
11. Plaintiff alleges that she has neck pain, which is causally related to her employment, but the evidence fails to support any such finding. An MRI of her neck was normal. Dr. Edwards testified that any neck complaints were not causally related to her upper extremity condition.
12. Plaintiff has also raised questions regarding alleged rheumatoid arthritis in her hands. Dr. Edwards has testified that he found no evidence of such arthritis and even if she did have such arthritis, that it would not be causally related to her employment.
13. Plaintiff is at maximum medical improvement for her carpal tunnel syndrome and the cubital tunnel syndrome treated by Dr. Edwards. The evidence fails to show that ongoing medical treatment is reasonably necessary.
 ***********
Based upon the foregoing stipulations and findings of fact, the the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Mt. Olive Pickle offered plaintiff a light duty position which was suitable and within her restrictions. Plaintiff unjustifiably refused such employment. Therefore, plaintiff is not entitled to receive any compensation benefits during the continuation of such refusal pursuant to N.C. Gen. Stat. § 97-32.
2. Plaintiff has reached maximum medical improvement from her left hand condition as of October 21, 1998 and has sustained a 12 percent permanent impairment to her left hand for which she is entitled to compensation pursuant to N.C. Gen. Stat. § 97-31(12).
3. The evidence fails to establish that plaintiff's alleged neck condition or alleged rheumatoid arthritis is causally related to her employment or her compensable upper extremity condition. N.C. Gen. Stat. § 97-2; Carter v. Northern Telecom, 123 N.C. App. 547 (1996).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for additional compensation for temporary total disability benefits is Denied.
2. Defendants shall pay plaintiff compensation for her twelve percent permanent partial disability at the rate of $247.79 per week beginning October 21, 1998 and continuing for 24 weeks. Such benefits having accrued, they shall be paid in a lump sum
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff is approved for her counsel, to be deducted from the lump sum due to plaintiff and paid directly to her counsel.
4. Defendants shall pay the costs.
This 20th day of November 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER