MARGARET SIMMONS, EMPLOYEE, PLAINTIFF v. KROGER COMPANY, EMPLOYER, DEFENDANT AND TRANSPORTATION INSURANCE COMPANY, CARRIER, DEFENDANT

No. 9410IC355

(Filed 20 December 1994)

**Workers' Compensation § 378 (NCI4th)— plaintiff's disability—burden on defendants to rebut plaintiff's showing**

There was no merit to defendants' contention that the Industrial Commission erred in placing the burden on defendants to show that plaintiff was not disabled after 9 July 1990 and in finding that she continued to be disabled after that date, since plaintiff offered medical testimony that she had not reached maximum medical improvement and that she was capable of being employed at nonstrenuous work; there was no evidence that plaintiff would be able to actually obtain a job, given her age, physical limitations, educational background (completion of the ninth grade), and lack of work experience in anything other than grocery stores; and defendants did not present convincing evidence that they offered or obtained employment for plaintiff which was consistent with her limitations.

**Am Jur 2d, Workers' Compensation §§ 566 et seq.**

SIMMONS v. KROGER CO.

[117 N.C. App. 440 (1994)]

Appeal by defendants from opinion and award filed 17 December 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 November 1994.

*The Law Offices of John T. Orcutt, by Laurie G. Peregoy, for plaintiff-appellee.*

*Young Moore Henderson & Alvis P.A., by J.D. Prather, for defendants-appellants.*

JOHNSON, Judge.

Plaintiff Margaret Simmons sustained an injury on 30 May 1990 when a pallet fell and lacerated her right heel. Plaintiff was taken to Raleigh Community Hospital where she was given a tetanus shot and the wound was sutured. Plaintiff was referred to Wake Internal Medicine where she had been seen previously by Dr. Parrish for the suture removal. Plaintiff was then referred to the Cary Orthopaedic Center.

On 9 July 1990, Dr. Desman of the Cary Orthopaedic Center examined plaintiff's right heel area. Dr. Desman's assessment at that time was a laceration of the right calf achilles tendon area with no evidence of a disruption of the achilles tendon. Dr. Desman noted there was no significant swelling on the date of the examination and indicated that she was experiencing the natural course of healing of the injury and that it could last for up to six months. Dr. Desman released plaintiff to return to work without restriction on that date and instructed her to return as needed.

Plaintiff was not satisfied with Dr. Desman's treatment and obtained a second opinion from podiatrist Dr. Broadus Rose on 30 July 1990. Dr. Rose diagnosed a partial tear of the right achilles tendon based on his noninvasive examination of her right ankle area.

As of the 11 June 1991 hearing, plaintiff had not returned to work. Plaintiff testified that she never really discussed her ability to return to work with Dr. Rose. Dr. Rose stated that all he would have been concerned about would have been her ability to stay off her feet. Dr. Rose felt that a sedentary position would have presented minimal risk to her even immediately after the injury.

Plaintiff had not returned to work or real estate school by the date of the hearing but she submitted an application with one employer, a water system company, for a "sit-down" job that she believed was for forty hours per week. She did not follow-up with the employer after her first interview.

SIMMONS v. KROGER CO.

[117 N.C. App. 440 (1994)]

Deputy Commissioner Richard B. Ford filed an opinion and award on 8 January 1993 which awarded plaintiff disability compensation benefits through 11 June 1991. Plaintiff appealed to the Full Commission claiming that the Deputy Commissioner erred in failing to award benefits continuing beyond 11 June 1991. Defendants also appealed based on the doctor's authorization for plaintiff to return to work as of 9 July 1990.

The Full Commission found that plaintiff was disabled since she had not reached maximum medical improvement and had not returned to wages equal to those she was earning prior to her injury. The Full Commission further found that defendants had not met their burden of rebutting the presumption that plaintiff remained disabled from 30 May 1990 until further order of the Commission. Defendants appeal from this opinion and award.

Defendants first argue that the Full Commission erred in placing the burden on defendants to show that plaintiff was not disabled after 9 July 1990 and in finding that she continued to be disabled after that date.

Appellate review of an opinion and award of the Full Commission is determined by whether the Full Commission has competent evidence to support its findings of fact and whether its findings of fact justify its legal conclusions and decisions. *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). "The Commission's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding." *Gilbert v. Entenmann's Inc.*, 113 N.C. App. 619, 624, 440 S.E.2d 115, 118 (1994). "[T]he Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683-84 (1982).

Our Courts have continuously said that the employee must prove the extent and degree of disability. *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 374 S.E.2d 483 (1988). North Carolina General Statutes § 97-2(9) (Cum. Supp. 1994) defines disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

The employee makes a showing of disability in one of four ways:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable

SIMMONS v. KROGER CO.

[117 N.C. App. 440 (1994)]

of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. (Citations omitted.)

*Russell v. Lowes Product Distribution,* 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993). Once the burden of disability is met, there is a presumption that disability continues until "the employee returns to work at wages equal to those he was receiving at the time his injury occurred." *Watkins v. Motor Lines,* 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971). In the instant case, plaintiff has met her burden.

Our Supreme Court has held that:

In order to prove disability, the employee need not prove he unsuccessfully sought employment if the employee proves he is unable to obtain employment. An unsuccessful attempt to obtain employment is, certainly, evidence of disability. Where, however, an employee's effort to obtain employment would be futile because of age, inexperience, lack of education or other preexisting factors, the employee should not be precluded from compensation for failing to engage in the meaningless exercise of seeking a job which does not exist.

*Peoples v. Cone Mills Corp.,* 316 N.C. 426, 444, 342 S.E.2d 798, 809 (1986). In the instant case the Full Commission found that plaintiff has carried her initial burden of showing that she was disabled. Further, defendants even approved settlements on behalf of plaintiff.

The Full Commission did not accept the testimony of Dr. Desman as convincing in light of the whole record. Dr. Rose testified that plaintiff had not reached maximum medical improvement and that she was capable of being employed at nonstrenuous work. Additionally, the Full Commission found the record "completely lacking in evidence that plaintiff would be able to actually obtain a job, given her age, physical limitations, educational background [plaintiff only finished the ninth grade], and her lack of work experience in anything other than grocery stores." Thus, plaintiff was unable to return to work and earn the same wages she earned prior to her injury. Plain-

SIMMONS v. KROGER CO.

[117 N.C. App. 440 (1994)]

tiff, therefore, has satisfied her burden of proving disability after 9 July 1990.

Our Court has stated:

After plaintiff meets her initial burden, the burden then shifts to defendants who must show that plaintiff is employable. "[B]efore it can be determined that this plaintiff is employable and can earn wages it must be established, not merely that jobs are available or that the average job seeker can get one, but that [the plaintiff] *can obtain a job taking into account his specific limitations.*" (emphasis retained) (citation omitted).

*Lackey v. R. L. Stowe Mills*, 106 N.C. App. 658, 662, 418 S.E.2d 517, 519-20, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 150 (1992). Thus, defendants must come forward with evidence showing that suitable jobs are available, and that plaintiff is capable of getting these jobs, taking into account her physical and vocational limitations.

Defendants contend that plaintiff applied for a physically suitable job and did not follow-up after the initial interview and did not obtain the position. Defendants, however, fail to present evidence that she would have gotten the job if she had followed-up. Furthermore, the Full Commission found that defendants have not presented convincing evidence in light of the whole record that defendant-store had offered or obtained employment for plaintiff which was consistent with her limitations. Because plaintiff has met the initial burden of showing injury to her wage earning capacity, and defendants did not offer evidence showing that plaintiff has retained the wage earning capacity, the Full Commission was correct in finding that the disability continued after 9 July 1990.

Defendants also argue that the Full Commission erred in awarding plaintiff continuing benefits after 11 June 1991, the date of the hearing, because there is no evidence in the record to support a finding that she remained disabled after that date.

The Full Commission found that plaintiff has not reached maximum medical improvement and was still under treatment with Dr. Rose. Furthermore, defendants have failed to show that the disability has ended and that plaintiff has regained the ability to return to work at wages equal to those she received prior to the injury; thus, ongoing

award of disability benefits is the appropriate remedy in accordance with North Carolina General Statutes § 97-2(9). Therefore, the decision of the Full Commission is affirmed.

Affirmed.

Chief Judge ARNOLD and Judge MARTIN concur.