DAVID EARL SNEAD, EMPLOYEE-PLAINTIFF v. CAROLINA PRE-CAST CONCRETE, INC.,
EMPLOYER-DEFENDANT; MARYLAND INSURANCE GROUP, CARRIER-DEFENDANT

No. COA97-344

(Filed 30 April 1998)

**1. Workers' Compensation § 236 (NCI4th)— temporary disability—return to work—no additional compensation**

The Industrial Commission did not err in finding that plaintiff was not entitled to any additional compensation after he returned to work where, although there was evidence that may support contrary findings, there was plenary evidence to support the Commission's findings that plaintiff is no longer disabled.

**2. Workers' Compensation § 234 (NCI4th)— temporary disability—return to work—additional compensation—burden of proof**

The Industrial Commission did not err in placing the burden of proof on plaintiff to establish his entitlement to additional workers' compensation benefits following his return to work after an injury. The defendant-employer adequately rebutted the presumption of continued disability established by the I.C. Form 21 and the burden shifted to plaintiff to show that the current disability was caused by the original accident.

**3. Workers' Compensation § 460 (NCI4th)— temporary disability—return to work—evidence sufficient**

The Industrial Commission did not err in finding that plaintiff had successfully returned to work where plaintiff presented evidence tending to show that he returned to work before he had fully recovered, but there was plenary evidence to the contrary.

**4. Workers' Compensation § 460 (NCI4th)— temporary disability—current back problems—intervening cause—sufficiency of evidence**

The Industrial Commission did not err in a workers' compensation action by finding that there was insufficient evidence to prove a causal relationship between the original accident and the current disability where the stipulated medical records tended to show that the plaintiff's physician had released him to return to work without restrictions on 29 December 1992, that he did not seek medical attention until March 1993, and that the records from his treating physician failed to establish a definitive causal

relationship between his current back problems and the past injury. The Commission was well within its authority to determine the weight and credibility of the evidence and it could infer from the evidence that plaintiff's current back ailments resulted from some intervening cause.

**5. Workers' Compensation § 460 (NCI4th)— temporary disability—available work—evidence sufficient**

The Industrial Commission did not err in a workers' compensation action by finding that there was a job suitable for plaintiff's work capacity and that he had regained his wage earning capacity.

Appeal by plaintiff from opinion and award entered 30 December 1996 by the North Carolina Industrial Commission. Heard in the Court of Appeals 19 November 1997.

*Brenton D. Adams for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by George H. Pender, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

Plaintiff David Earl Snead appeals from an opinion and award of the North Carolina Industrial Commission terminating his temporary total disability benefits. Plaintiff suffered an admittedly compensable injury on 30 October 1992, when he strained his back during and in the course of his employment with defendant Carolina Pre-Cast Concrete, Inc. (hereinafter, "defendant-employer"). Following the incident, plaintiff was diagnosed and treated for lower back strain at the emergency room of Betsy Johnson Memorial Hospital. Plaintiff was, thereafter, referred to Dunn Orthopaedics, P.A., for follow-up treatment.

Plaintiff received treatment at Dunn Orthopaedics from 5 November until 28 December 1992, when he was released to return to work without any restrictions. On 29 December 1992, plaintiff presented his authorization to return to work to Karen Melott, defendant-employer's office manager. Ms. Melott told plaintiff to return to work on 4 January 1993, because the plant was on temporary shut down. Plaintiff returned to work on 4 January 1993 and was advised that due to a work slow down, he and his direct supervisor were laid off.

SNEAD v. CAROLINA PRE-CAST CONCRETE, INC.

[129 N.C. App. 331 (1998)]

After being laid off, plaintiff worked as a self-employed painter for two to three weeks and earned approximately $300 total. In February 1993, plaintiff became employed with Heritage Concrete as a truck driver. Medical documents tend to show that plaintiff worked as a truck driver until October 1993. Plaintiff attempted to return to work as a manual laborer in construction, but as of 30 March 1994, he had been out of work for seven weeks. Plaintiff, again, sought treatment for his back problems on 16 March 1994.

Plaintiff was seen by Dr. John Mann, who referred him to the Orthopaedic Clinic at the University of North Carolina Hospitals in Chapel Hill. Dr. Mann was of the opinion that the probability of plaintiff returning to manual labor was low. The doctor recommended that plaintiff "contact his caseworkers and investigate the possibilities of vocational rehab where he can train into a job of a more sedentary nature." Dr. Mann was concerned that if plaintiff could regain a full functioning level, he would have a relapse if he returned to a job loading or driving trucks. Plaintiff's condition has continued to worsen, but he has been unable to return to Chapel Hill because his Medicaid benefits were cut off when his wife became employed. Defendant-employer has been unable to provide a light duty or sedentary job for plaintiff and has provided no vocational rehabilitation services for plaintiff since he was laid off.

Following his injury, plaintiff was paid compensation for disability pursuant to an Industrial Commission Form 21. Although the parties signed the I.C. Form 21 on 17 November 1992, that form was not submitted to the Industrial Commission until 8 January 1993. On 19 March 1993, however, defendant-employer filed an I.C. Form 28B, which notified plaintiff that his workers' compensation benefits were to be discontinued. Plaintiff then filed an I.C. Form 33, requesting that his claim be assigned for hearing. Defendant-employer filed a response to plaintiff's request on 1 July 1994.

On 23 September 1994, plaintiff filed a motion for payment of past due workers' compensation benefits, a motion for ten percent penalty pursuant to North Carolina General Statutes section 97-18, and a motion for attorney's fees pursuant to North Carolina General Statutes section 97-88.1. Defendant-employer and Maryland Insurance Group, defendant-employer's insurance carrier, filed a response to plaintiff's motions on 5 December 1994.

This matter was heard by Deputy Commissioner Laura Kranifeld Mavretic on 2 September 1994. By opinion and award filed 1 August

1995, Deputy Commissioner Mavretic allowed some of plaintiff's benefits but denied other benefits. Plaintiff appealed to the Full Commission, and by opinion and award filed 30 December 1996, the Full Commission adopted, with minor modifications, the findings of fact and conclusions of law made by Deputy Commissioner Mavretic. Plaintiff, again, appeals.

Plaintiff raises five arguments on appeal. We paraphrase these arguments as follows:

(1) The Commission erred in allowing defendant-employer to terminate plaintiff's temporary total disability benefits, since defendant produced no evidence that plaintiff's condition has improved or that he has successfully returned to work.

(2) The Commission erred in assigning plaintiff the burden of proving that his current back problems were caused by the 30 October 1992 injury, because the approved Form 21 agreement satisfied plaintiff's burden on the issue of causation.

(3) The Commission erred in finding that plaintiff returned to work, when there was no evidence to support a finding or conclusion that plaintiff returned to work for defendant-employer or that plaintiff was able to successfully return to work for any other employer.

(4) The Commission erred in finding that there was no causal relationship between the compensable injury and plaintiff's inability to work, as such a finding was not supported by the evidence.

(5) The Commission erred in finding that plaintiff's job with Heritage Concrete was suitable to his capacity, that he was actually able to obtain such a job, and that he had regained his wage earning capacity, since there was no evidence to support such findings.

For the reasons discussed herein, plaintiff's arguments fail, and thus, we affirm the 30 December 1996 opinion and award of the Commission.

On appeal from an Industrial Commission decision, this Court's review is limited to a determination of (1) whether the Commission's findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings. *Sidney*

*v. Raleigh Paving & Patching*, 109 N.C. App. 254, 426 S.E.2d 424 (1993). Even where there is evidence to support contrary findings, the Commission's findings of fact are conclusive on appeal if supported by any competent evidence. *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). Additionally, the Commission is the sole judge of the credibility of the witnesses and the weight to be accorded their testimony. *Russell v. Lowes Product Distribution*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). The Commission's conclusions of law, however, are reviewable *de novo. Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 491 S.E.2d 678 (1997).

Disability under the Workers' Compensation Act is defined as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (Cum. Supp. 1997). The burden of proving the extent and degree of disability under the Act lies with the plaintiff-employee. *Simmons v. Kroger Co.*, 117 N.C. App. 440, 451 S.E.2d 12 (1994). The plaintiff-employee may meet its burden in one of four ways:

> (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. (Citations omitted.)

*Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457, *quoted in, Simmons*, 117 N.C. App. at 442-43, 451 S.E.2d at 14. Once the plaintiff-employee establishes his disability, there is a presumption that the disability continues until he returns to work at wages equal to those he was receiving at the time of his injury. *Id.* at 443, 451 S.E.2d at 14.

[1] Plaintiff's first argument, in which he contends that the Industrial Commission erred in finding that he was not entitled to any additional compensation after he returned to work in February 1993, is unpersuasive. In the instant case, the parties entered into an I. C. Form 21 Agreement on 17 November 1992. Therein, defendants

agreed to pay plaintiff for the compensable injury he sustained on 30 October 1992. Since plaintiff had, thereby, proven disability, the presumption arose that the disability continued until such time as plaintiff returned to work at wages equal to those he was receiving from defendant-employer at the time of his injury. *See id.* At that point, defendant-employer could seek to terminate benefits by presenting evidence to rebut the presumption of continued disability.

In the present case, defendant offered medical evidence tending to show that plaintiff was released by his medical doctor to return to work, without any work restrictions, beginning 29 December 1992; that plaintiff was laid off on 4 January 1993; that plaintiff began to work as a self-employed painter in mid-January, but was earning less wages than those earned while employed with defendant-employer; and that plaintiff obtained employment as a truck driver with Heritage Concrete and continued working in that position until October 1993, earning more than he had earned while employed with defendant-employer. Although there was evidence presented that may tend to support contrary findings, there is plenary evidence to support the Commission's findings that plaintiff is no longer disabled, and these findings will be upheld on appeal. Further, these findings support the Commission's conclusions of law that plaintiff is no longer entitled to temporary total disability payments as of February 1993. Accordingly, plaintiff's first argument fails.

[2] We hold similarly regarding plaintiff's second argument. He contends that the Commission erred in placing the burden of proof on him to establish his entitlement to additional workers' compensation benefits. Specifically, plaintiff takes issue with Finding of Fact 9, in which the Commission stated the following:

> There is insufficient convincing medical evidence of record from which to prove by its greater weight that there is any causal relationship between the compensable injury by accident on October 30, 1992, and any subsequent disability caused by his back condition for which he sought medical treatment beginning in March of 1994.

Plaintiff's argument ignores the fact that defendant-employer adequately rebutted the presumption of continued disability established by the 17 November 1992 I.C. Form 21. The burden then shifted to plaintiff to show that the disability for which he sought treatment in March 1993 was caused by the 30 October 1992 accident. Hence, we conclude that the Commission did not err in shifting the burden back

to plaintiff to prove entitlement to additional compensation benefits after his return to work. Plaintiff's argument to the contrary, therefore, fails.

[3] Plaintiff next argues that the Commission erred in finding that he had successfully returned to work for Heritage Concrete in February 1993. Again, we cannot agree.

While plaintiff presented evidence tending to show that he returned to work before he had fully recovered from his 30 October 1992 injury, due to financial constraints, there is plenary evidence to the contrary. For instance, defendant-employer presented evidence showing that plaintiff was released by his treating physician to return to work, with no restrictions, on 29 December 1992. Furthermore, the evidence showed that plaintiff began employment with Heritage Concrete in February 1993. Thus, as there is competent evidence from which the Commission could find that plaintiff returned to work in 1993, his argument fails.

[4] Plaintiff also argues that Finding of Fact 9, quoted above, is erroneous, on the ground that "this finding is completely unsupported by any evidence." We are not persuaded by plaintiff's argument.

Again, the Commission is the sole judge of the credibility of the witnesses and the weight to be accorded their testimony. *Russell*, 108 N.C. App. 762, 425 S.E.2d 454. The stipulated medical records tended to show that plaintiff's treating physician released him to return to work, without restrictions, on 29 December 1992; that plaintiff did not again seek medical attention until March 1993; and that at that time, he was experiencing lower back problems. The medical records from his treating physician in March 1993 failed to establish a definitive causal relationship between his current back problems and the past injury suffered while in defendant-employer's employ. The Commission was well within its authority to determine the weight and credibility of the evidence before it. Moreover, the Commission could infer from the evidence that plaintiff's current back ailments resulted from some intervening cause between his December 1992 release from medical care and his subsequent visit to Dr. Mann in March 1993. Plaintiff's argument, then, must fail.

[5] Finally, plaintiff contends that the Commission erred in Finding of Fact 10, which provides as follows:

As a result of the injury by accident on October 30, 1992, plaintiff was unable to earn any wages in any employment from October

IN RE MALONE

[129 N.C. App. 338 (1998)]

31, 1992 through mid-January, 1993 and was unable to earn the same wages he was earning at the time of the compensable accident from mid-January, 1993 through the end of February, 1993, when he began his employment with Heritage Concrete. The evidence of record does not show the specific dates of his employment. However, plaintiff had been released to return to work with no restrictions. This job was suitable to his capacity, and he was able to actually get it. He had regained his wage-earning capacity.

Specifically, plaintiff takes exception to the finding that the job with Heritage Concrete was suitable for his work capacity, that he was able to "get it," and that he had regained his wage earning capacity. Considering our analyses of plaintiff's above-listed arguments, we summarily dismiss this argument as unpersuasive.

In light of all of the foregoing, the opinion and award of the Full Commission is affirmed.

Affirmed.

Judges LEWIS and WALKER concur.