CUMMINS v. BCCI CONSTR. ENTERS.

[149 N.C. App. 180 (2002)]

WILLIAM CUMMINS, Employee-Plaintiff-Appellee v. BCCI CONSTRUCTION ENTER-
PRISES, Employer, and MICHIGAN MUTUAL INSURANCE COMPANY
(AMERISURE), Carrier, Defendants-Appellants

No. COA00-1385

(Filed 5 March 2002)

**1. Workers' Compensation— appeal to full Commission—new evidence received**

The Industrial Commission did not err in a workers' compensation action by receiving medical records where plaintiff gave timely notice of appeal from the deputy commissioner's opinion and award and attached proposed exhibits with a note asking that they be filed and associated with the claim. Even if these differed from the records which had been the subject of an earlier Motion for Reconsideration, the Commission in its discretion could consider additional evidence.

**2. Workers' Compensation— deposition—requested late—not significant new evidence**

The Industrial Commission did not err in a workers' compensation case by denying defendants' request to depose one of the doctors who had operated on plaintiff's back where the evidence in this doctor's report was merely an update of plaintiff's continued problems for the same injury and not significant new evidence. Furthermore, despite having the medical records for over two years, defendants made no motion to depose this doctor until after the Commission entered its award.

**3. Workers' Compensation— disability—release—not unrestricted**

The Industrial Commission did not abuse its discretion in a workers' compensation action by awarding plaintiff temporary total disability where one of plaintiff's doctors stated that he released plaintiff with no specific work restrictions other than those his symptoms dictated. This is not an unrestricted work release and does not rebut the presumption of disability.

**4. Workers' Compensation— finding of no evidence—explanation not required**

The Industrial Commission did not abuse its discretion in a workers' compensation case by finding that there was no evidence that an increase in plaintiff's symptoms following his rak-

ing his yard was the result of an independent intervening cause attributable to his own intentional conduct. There is no reason the Commission should be required to unnecessarily explain why it found no evidence of an intervening cause.

Appeal by defendants from Opinion and Award entered 16 June 2000 and Order entered 4 August 2000 by the Full Commission in the North Carolina Industrial Commission. Heard in the Court of Appeals 19 September 2001.

*Tania L. Leon, P.A., by Tania L. Leon for plaintiff-appellee.*

*Mark D. Gustafson for defendants-appellants.*

BRYANT, Judge.

Plaintiff William Cummins injured his back in August 1995 while setting steel columns for his employer, BCCI Construction. Plaintiff sought treatment and later attempted to return to work on a trial basis. He was unable to do so because of pain. In November 1995, plaintiff hurt his back again while raking leaves. A CT and myelogram revealed a herniated disk. Plaintiff underwent surgery performed by Dr. Samuel Chewning of the Miller Orthopaedic Clinic in January 1996, but continued to have recurrent hip and leg pain. Dr. Chewning released plaintiff to work with restrictions not to lift anything over twenty pounds. Plaintiff continued to experience pain, and sought treatment from several other doctors, including Dr. Brigham of the Miller Orthopaedic Clinic, whom he first saw on 13 March 1997. On 15 April 1997, plaintiff allowed Dr. Brigham to perform the same type of surgical procedure—decompression and microdisectomy—as was performed in January 1996. Thereafter, Dr. Brigham diagnosed plaintiff with a recurrent herniated disk.

Plaintiff requested a hearing before the Industrial Commission after his claim for work-related back injury was denied. A hearing was held on 9 January 1997. At the request of both parties the deputy commissioner extended the time for completing medical depositions and for submission of medical records. The deputy commissioner granted another extension of time at defendants' request. Defendants thereafter deposed Dr. Chewning. When the deputy commissioner ordered that the record be closed on 24 March 1997, plaintiff moved for reconsideration. The motion included a request that two of the previously stipulated exhibits (Exhibits 4 and 5) regarding treatment

records of Doctors Brigham and Metcalf[1] be supplemented with more current records, or, in the alternative, that the two physicians be deposed. Defendants opposed the admission of the records on the ground that the records covered treatment provided after the hearing and opposed the taking of depositions on the ground that they were not timely. The deputy commissioner denied plaintiff's motion for reconsideration. The deputy commissioner filed an Opinion and Award on 31 December 1997, granting plaintiff: 1) temporary total disability compensation at $360 per week beginning 22 August 1995 to 10 November 1995; 2) medical expenses; 3) attorney fees at twenty-five percent of compensation due plaintiff; and 4) an expert witness fee in the amount of $215 to Dr. Chewning.

Plaintiff appealed to the Full Commission [Commission], requesting a review of, inter alia, the deputy commissioner's denial of his motion for reconsideration (to submit the updated medical records evidence). On 16 June 2000, the Commission filed an Opinion and Award. The Order of the Full Commission reversed the deputy commissioner's exclusion of the exhibits, and found that plaintiff was entitled to ongoing total disability compensation from the time of the injury in August 1995 to the time when plaintiff returned to work. Defendants filed a Motion for Reconsideration and to Reopen the Record with the Commission on 19 July 2000. The Commission filed an Order on 4 August 2000 denying in part and granting in part defendants' motion for reconsideration. Defendants filed Notice of Appeal from the Commission's 16 June 2000 Opinion and Award and its 4 August 2000 Order.

Defendants present four arguments stating the Commission erred in: 1) considering plaintiff's "Proposed Exhibits 4 and 5," attached to plaintiff's Contentions to the deputy commissioner and plaintiff's Brief to the Full Commission; 2) denying defendants' request in its 19 July 2000 motion for reconsideration to depose Dr. Brigham; 3) awarding plaintiff temporary total disability compensation through the filing date of the Full Commission's Opinion and Award and continuing until he returns to work or until further order of the Commission; and 4) its interpretation and application of the principles set forth in *Horne v. Universal Leaf Tobacco Processors*, 119 N.C. App. 682, 459 S.E.2d 797 (1995).

1. Dr. Michael Metcalf (Carolina Health Care Group) treated plaintiff from December 1996 to March 1997.

The Workers' Compensation Act is to be liberally construed to achieve its purpose, namely, to provide compensation to employees injured during the course and within the scope of their employment. *Lynch v. M. B. Kahn Constr. Co.*, 41 N.C. App. 127, 130, 254 S.E.2d 236, 238 (1979). When reviewing decisions by the Industrial Commission, the Court of Appeals is limited to determining whether there is *any* competent evidence to support the Commission's findings, and whether the findings support the Commission's legal conclusions. *Watson v. Winston-Salem Transit Auth.*, 92 N.C. App. 473, 374 S.E.2d 483 (1988). Findings of fact are conclusive on appeal when supported by competent evidence. *Keel v. H & V Inc.*, 107 N.C. App. 536, 421 S.E.2d 362 (1992). The Commission may receive additional evidence on appeal

> [i]f application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]

N.C. Gen. Stat. § 97-85 (1999). The Commission has plenary power to receive additional evidence, and may do so at its sound discretion. *Keel*, 107 N.C. App. at 542, 421 S.E.2d at 366. Furthermore, "[w]hether such good ground has been shown is discretionary and 'will not be reviewed on appeal absent a showing of manifest abuse of discretion.' " *Id.* at 542, 421 S.E.2d at 367 (quoting *Lynch v. M. B. Kahn Constr. Co.*, 41 N.C. App. 127, 131, 254 S.E.2d 236, 238 (1979)). The Commission, when reviewing an award by a deputy commissioner, may receive additional evidence, even if it was not newly discovered evidence. *Id.* Finally, the Commission may waive its own rules in the interest of justice. Workers' Comp. R. of N.C. Indus. Comm'n 801, 2000 Ann. R. (N.C.).

## I.

[1] Defendants first argue that the Full Commission erred in holding plaintiff's Proposed Exhibits 4 and 5 admissible because: 1) the medical records plaintiff labeled "Proposed Exhibits 4 and 5" and attached to his 2 April 1997 Motion for Reconsideration of the 24 March 1997 Order were not the same medical records that were labeled "Plaintiff's Proposed Exhibit 4 and 5" and attached to his 31 August 1997 Contentions; and 2) plaintiff failed to file a Motion to

Supplement when he filed his Contentions with the deputy commissioner. We disagree.

Plaintiff was required to give notice of appeal to the Commission within fifteen days of the date of notice of the award. N.C. Gen. Stat. § 97-85. If properly given, the Full Commission could review the evidence or receive further evidence. *Id.* Here, the deputy commissioner issued an Opinion and Award on 31 December 1997. Plaintiff gave notice of appeal on 6 January 1998. This was properly within the fifteen-day filing period. Plaintiff attached Proposed Exhibits 4 and 5 to the Notice of Appeal, and included a notation to "[p]lease file and associate this document with the above claim." Therefore, even if the medical records in plaintiff's Motion for Reconsideration differed from those in his Contentions, the Commission in its discretion could properly consider additional evidence. The record on appeal before this Court indicates that the proposed exhibits were submitted to the deputy commissioner "for submission into the record." Furthermore, the Commission stated in its Evidentiary Rulings that the "plaintiff filed a Motion to Supplement the stipulated medical records with Plaintiff's Exhibit (4), consisting of eight pages of records from the Miller Orthopedic Clinic and Plaintiff's Exhibit (5), consisting of five pages of physical therapy records." We find that this is competent evidence properly received and sufficient to uphold the Commission's findings. Therefore, defendants' first assignment of error is overruled.

## II.

[2] Defendants next argue that the Commission erred in denying defendants' request to depose Dr. Brigham. We disagree. Defendants argue that plaintiff's Exhibits 4 and 5 were new evidence; thus, defendants should have been given the opportunity to depose Dr. Brigham. Defendants rely on *Allen v. K-Mart,* 137 N.C. App. 298, 528 S.E.2d 60 (2000). In *Allen,* plaintiff pulled a muscle in her left side while handling a box at work. She went to an urgent care clinic, where she was diagnosed with a left shoulder strain. Plaintiff continued to experience pain, and was referred to an orthopaedic surgeon. The orthopaedic surgeon could not find a physiological basis for plaintiff's continued problems, but conducted tests anyway. All tests were normal. Plaintiff's family physician eventually diagnosed plaintiff with fibromyalgia. Plaintiff sought to admit evidence of independent medical examinations by a psychiatrist and a physician with experience in diagnosing and treating fibromyalgia. Defendants objected at least five times, but the Commission failed to respond. The

Commission finally ruled against defendants after issuing its Opinion and Award in plaintiff's favor. The Court of Appeals reversed, holding that the Commission abused its discretion by allowing significant new evidence, and that the Commission's untimely ruling on the motion effectively denied defendants due process because they did not have the ability to discredit the doctors' testimony.

We do not find *Allen* to be on point. In *Allen*, the employee attempted to submit evidence of independent medical examinations by a psychiatrist and a physician with experience in diagnosing and treating *fibromyalgia*. The employee did not consult a fibromyalgia specialist prior to the hearing before the deputy commissioner. In the case at bar, on the other hand, Dr. Brigham was Dr. Chewning's partner at Miller Orthopaedic Clinic. Dr. Chewning referred plaintiff to Dr. Hartman, also of Miller Orthopaedic Clinic, who in turn referred plaintiff to Dr. Brigham for the same pain he had prior to the January 1996 surgery performed by Dr. Chewning. Evidence of Dr. Brigham's report is merely an update of plaintiff's continued problems for the same injury. Thus, it is not "significant new evidence" as in *Allen*. Further, the record reveals that defendants opposed plaintiffs' offer to depose Dr. Brigham made as early as April 1997. Despite having Dr. Brigham's medical records for over two years, defendants made no motion to depose Dr. Brigham until after the Full Commission entered its Award on 16 June 2000. Thereafter, the Commission promptly and timely ruled on defendants' motion in their Order entered 4 August 2000. For these reasons, we hold *Allen* to be inapposite to the facts in ths case, and further hold that the Commission did not manifestly abuse its discretion by denying defendants' Motion for Reconsideration.

## III.

[3] Defendants next argue that the Commission erred as a matter of law in awarding plaintiff temporary total disability compensation through the filing date of the Full Commission's Opinion and Award and continuing. Again, we disagree. The plaintiff has the initial burden of proving the extent and degree of a disability. *Simmons v. Kroger Co.*, 117 N.C. App. 440, 441, 451 S.E.2d 12, 13 (1994). Once the plaintiff has met this burden, the burden shifts to the defendants to show that the plaintiff is employable. *Id.* at 444, 451 S.E.2d at 15. To meet this burden, the defendants must produce evidence that: 1) there are suitable and available jobs; and 2) the plaintiff is capable of performing these jobs, considering the plaintiff's physical and voca-

tional limitations. *Id.* " 'If an award is made by the Industrial Commission, payable during disability, there is a presumption that disability lasts until the employee returns to work. . . .' " *In re Stone v. G & G Builders*, 346 N.C. 154, 157, 484 S.E.2d 365, 367 (1997), (alteration in original) (quoting *Watkins v. Central Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971)).

In this case, defendants argue that a release by a doctor is sufficient to rebut the presumption of a disability. Defendants cite to the dissent in *Harrington v. Adams-Robinson Enters.*, 128 N.C. App. 496, 500, 495 S.E.2d 377, 380 (1998). In *Harrington*, three doctors released the plaintiff to return to work without restriction. This Court held that a release is insufficient to rebut the presumption of a disability. Our Supreme Court reversed for the reasons stated in the Court of Appeals's dissenting opinion. *Harrington v. Adams-Robinson Enters.*, 349 N.C. 218, 504 S.E.2d 786, *rev'g Harrington v. Adams-Robinson Enters.*, 128 N.C. App. 496, 495 S.E.2d 377 (1998). In his dissent, Judge Walker stated that the defendants rebutted the presumption through medical *and other evidence*, which included findings by the Commission that the plaintiff had been released to return to unrestricted work, that the plaintiff did not apply for work, and that the defendants filed for and were granted a Form 24 Application. Further, the dissent acknowledged the deputy commissioner's finding that "plaintiff's testimony as to continuing pain was not credible." *Harrington v. Adams-Robinson Enters.*, 128 N.C. App. 496, 500, 495 S.E.2d 377, 380 (1998). *Harrington* is distinguishable. In the present case, Dr. Brigham stated that he released plaintiff with "no *specific* work restrictions" (emphasis added), but that plaintiff was discharged "with the only activity restriction being that which [Plaintiff's] symptoms would dictate." This is not an "unrestricted work" release, nor is there other evidence to rebut the presumption of disability. Therefore, *Harrington* does not control and the Commission did not manifestly abuse its discretion in concluding that defendants failed to rebut the presumption of disability.

## IV.

[4] In defendants' last assignment of error they argue that the Commission improperly interpreted and applied the principles set forth in *Horne v. Universal Leaf Tobacco Processors*, 119 N.C. App. 682, 459 S.E.2d 797 (1995). We disagree. In *Horne*, the plaintiff injured his back while removing tobacco from a conveyor line. Over a year

later, the plaintiff underwent surgery again to have a recurrent ruptured disk removed. A few months later, the plaintiff was involved in a car accident. A doctor who treated the plaintiff testified that the car accident worsened the plaintiff's abnormal disk. The deputy commissioner found that the car accident was an independent, intervening cause, and the Full Commission affirmed. This Court reversed, holding that the Commission erred in finding that the plaintiff would have reached maximum medical improvement absent the car accident because there was no evidence that the plaintiff completely improved, nor that his condition completely stabilized. *Id.* at 688, 459 S.E.2d at 801.

In the case at bar, the Commission concluded that "[t]here is no evidence that the increase in plaintiff's symptoms following the raking incident on or about 21 November 1995 was the result of an independent intervening cause attributable to plaintiff's own intentional conduct." This finding is sufficient. As we stated above, the Commission's powers to review the award are plenary and are to be exercised at the Commission's sound discretion. The Commission is not required to make specific findings of fact. *Keel v. H & V Inc.*, 107 N.C. App. 536, 542, 421 S.E.2d 362, 367 (1992). The Commission stated that it found no evidence of an intervening cause. We see no reason why the Commission should be required to unnecessarily explain why it found *no* evidence. Thus, the Commission did not manifestly abuse its discretion.

## V.

For the reasons stated above, we hold that the Commission did not err in reversing the decision of the deputy commissioner. Accordingly, we affirm.

Affirmed.

Judges WYNN and McCULLOUGH concur.