FRANCIS J. HALE, III, EMPLOYEE, PLAINTIFF v. NOVO NORDISK PHARMACEUTICAL INDUSTRIES, INC., EMPLOYER, ZURICH INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA01-1341

(Filed 1 October 2002)

1. Workers' Compensation— carpal tunnel syndrome—findings of fact—hobbies

There was competent evidence to support the Industrial Commission's finding in a workers' compensation carpal tunnel case that plaintiff's hobbies, activities, and part-time employment involved a significant use of his hands where there was evidence that plaintiff played his saxophone twenty minutes a day, handled baggage and cleaned airplanes as a part-time employee, and drove a motorcycle. Furthermore, for plaintiff to testify that these activities bothered his hands, he must have been using his hands.

2. Workers' Compensation— carpal tunnel syndrome—findings—causation

There was competent evidence to support the Industrial Commission's finding in a workers' compensation case that plaintiff's carpal tunnel syndrome was caused by something other than his work with defendant where the Commission found that other possible causes included his part-time employment, his work after he was terminated by defendant, his hobbies, a motorcycle accident, a car accident, and his preexisting cervical disc condition.

**3. Workers' Compensation— carpal tunnel syndrome—findings—plaintiff's disc condition**

There was competent evidence to support the Industrial Commission's finding in a workers' compensation carpal tunnel case that plaintiff's neurologist was not aware of plaintiff's cervical disc condition where the issue before the Commission was whether plaintiff's doctor knew that his disc condition caused numbness in plaintiff's upper right extremity and there was evidence that the doctor wrote a letter relating plaintiff's pain to an automobile accident rather than to his disc condition.

**4. Workers' Compensation— carpal tunnel syndrome—findings—ability to work**

There was competent evidence to support the Industrial Commission's finding in a workers' compensation carpal tunnel case that there was insufficient evidence that plaintiff's carpal tunnel syndrome precluded plaintiff from performing his work duties where the record is replete with evidence that plaintiff continued working and engaging in activities requiring significant use of his hands.

**5. Workers' Compensation— carpal tunnel syndrome—findings—favorable to plaintiff—favorable conclusions not mandated**

The Industrial Commission did not err by not making conclusions favorable to plaintiff after making certain findings favorable to plaintiff. The Commission has the duty to weigh the evidence and the authority to conclude that plaintiff's evidence was outweighed by defendant's evidence.

Appeal by plaintiff from Opinion and Award of the North Carolina Industrial Commission entered 28 August 2001. Heard in the Court of Appeals 21 August 2002.

*Scudder & Hedrick, by John A. Hedrick, for the plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Bruce Hamilton and Tracey L. Jones, for the defendants-appellees.*

WYNN, Judge.

Plaintiff-employee Francis J. Hale appeals from the Industrial Commission's opinion and award concluding that his carpal tunnel

syndrome was not a compensable occupational disease under the North Carolina Workers' Compensation Act. He presents two issues: (1) Were the Industrial Commission's findings of fact supported by any competent evidence?; and (2) Were the Commission's conclusions of law supported by the Commission's findings of fact? We answer both questions, yes; accordingly, we affirm the Commission's opinion and award.

While employed by defendant Novo Nordisk Pharmaceutical Industries, Inc. for two years, through 20 November 1995, Mr. Hale used a hand-held calculator to verify calibration reports. Mr. Hale is right hand dominant, and entered the calculations with his middle and index fingers. According to Mr. Hale, the calculator was unusually stiff and lacked flexibility: "Depression of the keys required some pressure and some force."

Mr. Hale began experiencing stiffness, soreness, and swelling in his right hand; however, while employed by Novo Nordisk, he did not report this discomfort to his supervisor at any time. On 20 November 1995, Mr. Hale was terminated by Novo Nordisk for cause, and for reasons unrelated to the use of his right hand. After his termination, Mr. Hale worked for Environmental Specialties from January through May 1996. Mr. Hale experienced pain in his right hand when using a crimping tool and when handwriting.

On 8 May 1996, Mr. Hale sought medical treatment from Dr. Bertics, a neurologist. Mr. Hale told Dr. Bertics that his hand difficulties began in November 1995 after an automobile accident, and that his former job with Novo Nordisk required "a lot of keyboarding" that made his hand feel particularly sore and "funny." Dr. Bertics diagnosed Mr. Hale with carpal tunnel syndrome in his right hand. After receiving "a course of conservative treatment," Dr. Bertics did not recommend surgery.[1]

On 28 June 1996, Mr. Hale filed form 18 notifying the Commission and Novo Nordisk of his workers' compensation claim. On 12 September 2000, after a full hearing before a Deputy Commissioner, Mr. Hale's claim was denied. Following the full Commission's rejection of Mr. Hale's appeal from that denial, he appealed to this Court.

---

1. However, in February 1997 Mr. Hale was involved in another automobile accident which aggravated a preexisting C7 radiculopathy in his cervical spine. In May 1998 surgery was performed on Mr. Hale's spine and right hand.

**[1]** On appeal, Mr. Hale contends that the Commission's findings of fact are not supported by any competent evidence. In particular, he contests the following findings of fact by the Commission:

2. Prior to contracting the alleged occupational disease, plaintiff's hobbies included riding a motorcycle, playing the saxophone, and using and selling firearms. . . . All of these activities involved a significant use of plaintiff's hands and arms

14. Dr. Bertics opined that plaintiff's job as a validation technician with defendant-employer caused plaintiff's carpal tunnel syndrome and placed him at an increased risk of developing carpal tunnel syndrome. However, a consideration of the totality of the circumstances of this case leads to a different conclusion. . . . [P]laintiff's other activities and hobbies as well as his part-time job all involved the use of his hands and arms . . . . [T]he jobs held by plaintiff after leaving defendant-employer also involved many of the same tasks required by his job with defendant-employer, and it was during his [subsequent] employment that he first sought medical treatment for carpal tunnel problems. There is a lack of temporal relationship between the alleged onset of plaintiff's carpal tunnel syndrome and when he first sought medical treatment. . . . [Moreover], plaintiff had a diagnosed herniated cervical disc which was previously noted to have caused numbness in his upper right extremity. It does not appear that Dr. Bertics was aware of this condition.

15. Likewise, there is insufficient evidence to find by the greater weight of the evidence that the plaintiff's carpal tunnel condition, as presented in 1996 to Dr. Bertics and prior to [plaintiff's] 1997 automobile accident, precluded plaintiff from performing his work duties for the defendant-employer, or other similar work.

"Under our Workers' Compensation Act, 'the Commission is the fact finding body.'" *Adams v. AVX Corp.*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (quoting *Brewer v. Powers Trucking Co.*, 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962)). "'The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.'" *Adams*, 349 N.C. at 680, 509 S.E.2d at 413 (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). The Commission's findings of fact "'are conclusive on appeal if supported by any competent evidence.'" *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (quoting *Gallimore v. Marilyn's*

*Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)). Thus, this Court is precluded from weighing the evidence on appeal; rather, we can do no more than " 'determine whether the record contains any evidence tending to support the [challenged] finding.' " *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (citation omitted).

Mr. Hale first challenges finding of fact two, that Mr. Hale's hobbies, activities, and part-time employment "involved a significant use of [Mr. Hale's] hands." He contends that the Commission had no evidence presented concerning the use of his hands during these activities, and therefore, the Commission could not possibly conclude that this use, if any, was "significant." This argument is without merit.

As noted in Mr. Hale's and Novo Nordisk's briefs, the Commission's findings of fact " 'are conclusive on appeal if supported by any competent evidence.' " *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (citation omitted). Here, the record contained evidence that Mr. Hale: (1) played his saxophone twenty minutes a day; (2) handled baggage and cleaned airplanes at the airport as a part-time employee; and (3) drove a motorcycle. Mr. Hale testified that these activities "bothered" his hands. Accordingly, Mr. Hale must have used his hands if these activities "bothered" his hands. Following *Adams*, we conclude that finding of fact two is supported by competent evidence. Therefore, finding of fact two is binding on appeal.

[2] Mr. Hale next challenges two separate aspects of the Commission's finding of fact fourteen. He contends that "the Commission's 'findings' that [Mr. Hale's] carpal tunnel syndrome was caused by something other than his work with [Novo Nordisk] are not supported by any competent evidence and must be set aside." However, the Commission found, and the record reveals, that other possible causes of Mr. Hale's carpal tunnel syndrome included his part-time employment, his subsequent work after being terminated by Novo Nordisk, his hobbies, his motorcycle accident in 1995, his car accident in 1997, and Mr. Hale's preexisting cervical condition. Thus, the record shows competent evidence that Mr. Hale's carpal tunnel syndrome was caused by something other than his work with Novo Nordisk. Therefore, this aspect of finding of fact fourteen is binding on appeal.

[3] Mr. Hale also challenges the aspect of the Commission's finding of fact fourteen holding that it did not "appear that Dr. Bertics was aware of [Mr. Hale's cervical disc] condition." He contends that this finding of fact unreasonably discredited the testimony of Dr. Bertics.

He argues that, as of 23 July 1997, there is clear evidence in the record that Dr. Bertics knew of his disc condition. However, the issue before the Commission was not whether Dr. Bertics knew of the condition, but rather, whether Dr. Bertics knew that the condition "caused numbness in [Mr. Hale's] upper right extremity." The record reflects that Dr. Bertics wrote a letter on 18 November 1997 relating Mr. Hale's arm and neck pain to the 26 February 1997 automobile accident, rather than to Mr. Hale's cervical disc condition. Thus, there was competent evidence that Dr. Bertics was unaware that Mr. Hale's disc condition caused numbness in Mr. Hale's extremities. Therefore, this aspect of finding of fact fourteen is binding on appeal.

[4] Mr. Hale also challenges the Commission's finding of fact fifteen that "there is insufficient evidence . . . that the plaintiff's carpal tunnel condition . . . precluded plaintiff from performing his work duties for the defendant-employer, or other similar work." However, the record is replete with evidence that Mr. Hale continued working and engaging in activities requiring significant use of his hands. Mr. Hale worked for two and a half years after his termination by Novo Nordisk. Mr. Hale's subsequent employment included computer work and technical writing. Thus, the record shows competent evidence to find fact fifteen; accordingly, finding of fact fifteen is binding on appeal.

Having determined that the Commission's findings of fact are supported by competent evidence, we turn to the Commission's conclusions of law, which we review *de novo*. *Snead v. Carolina Pre-cast Concrete, Inc.*, 129 N.C. App. 331, 335, 499 S.E.2d 470, 472 (1998).

[5] In his appeal, Mr. Hale selects particular sentences from the Commission's findings of fact 14 and 16, and argues that these findings support a conclusion of law in his favor. For instance, Mr. Hale notes that the Commission found that "Dr. Bertics opined that plaintiff's job as a validation technician with defendant-employer caused plaintiff's carpal tunnel syndrome and placed him at an increased risk of developing carpal tunnel syndrome." Mr. Hale relies on this statement to support the proposition that "the Commission's findings of fact lead to a conclusion of law opposite from the conclusion reached by the Commission." This reliance is misplaced. In the very next sentence, the Commission states: "However, a consideration of the totality of the circumstances of this case leads to a different conclusion."

Even assuming that the Commission did find some facts favoring Mr. Hale, this would not mandate a conclusion in favor of Mr. Hale.

Rather, Mr. Hale bears the burden of proving his case by the "greater weight of the evidence." *Bailey v. Sears Roebuck & Co.*, 131 N.C. App. 649, 654, 508 S.E.2d 831, 835 (1998). Thus, even if the Commission recited facts tending to support Mr. Hale, the Commission has the duty to weigh the evidence and the authority to conclude that Mr. Hale's evidence was outweighed by Defendants' evidence. *Hawley v. Wayne Dale Const.*, 146 N.C. App. 423, 428, 552 S.E.2d 269, 272 (2001) (holding that the "Commission may weigh the evidence and believe all, none or some of the evidence") (citations omitted).

In sum, because "there is some competent evidence in the record to support" the Commission's findings of fact, "we hold that the Commission's findings of fact [are] conclusive on appeal." *Adams*, 349 N.C. at 682, 509 S.E.2d at 414. We also conclude that these findings of fact support the Commission's conclusions of law.

Affirmed.

Judges CAMPBELL and HUNTER concur.